## Achenbach *v.* Stoddard, Appellant.

*Contracts—Written agreements—Variation by parol.*

1. It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted; and this may be shown by parol by showing either an express agreement or actions necessarily involving the alterations. While the burden is upon the

party asserting the change, all that is required is that the evidence in support of the same should be convincing to the jury.

2. A written contract provided that certain excavations should be performed by the contractor at 25 cents per cubic yard. The contractor and the owner of the land agreed upon the lines within which the excavation should be done; subsequently the location was changed and the contractor sought to recover 45 cents per cubic yard for performing the work. There was evidence that when the change of location was contemplated, the contractor refused to work in the new location unless he should be paid not less than 45 cents per cubic yard, and that the owner thereupon agreed to pay said price; this evidence was denied by the owner. *Held,* the case was for the jury and a verdict and judgment for the plaintiff was sustained.

*Practice, Supreme Court—Appeals—Points raised for first time on appeal—Waiver.*

3. A party will not be heard in the appellate courts to question the correctness of the submission of a case after the lower court has submitted it from the standpoint in which parties to the issue manifestly tried it. The Supreme Court reviews only questions considered and determined in the court below and will not convict the trial court of error in not having ruled a case on questions which both parties concede were not in it.

*Actions—Parties—Tenants in common—Joint action.*

4. Where tenants in common were jointly sued, the objection that the evidence showed that a contract sued upon for additional compensation was made with only one of defendants but did not show that the other defendants approved and consented thereto, was without merit where no objection was made to the joinder of all the defendants in the court below.

Argued March 6, 1916. Appeal, No. 275, Jan. T., 1915, by defendants, from judgment of C. P. Northampton Co., Nov. T., 1914, No. 49, on verdict for plaintiff, in case of Edwin J. Achenbach v. David Stoddard, Mahlon Stoddard and Thomas Brinton. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for extra work alleged to have been performed under a written contract. Before BRODHEAD, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,016.20 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

*W. S. Kirkpatrick,* of *Kirkpatrick & Maxwell,* with him *S. Bruce Chase* and *Robert A. Stotz,* for appellants.

*Aaron Goldsmith,* with him *Everett Kent,* for appellee.

OPINION BY MR. JUSTICE STEWART, April 17, 1916:

The questions sought to be raised on this appeal are mainly questions of fact which were for the determination of the jury. The action was to recover on an alleged promise to pay an additional price to that expressed in a written contract for certain work done by the plaintiff. Appellants are the owners as tenants in common of a certain tract of land in Northampton County. Desiring to open up a slate quarry on said tract, and it being necessary for this purpose to remove therefrom the top soil to a depth sufficient to disclose the conditions underlying, they engaged by written contract under date of 25th January, 1913, with the plaintiff, whose business was the excavation of ground and removal of top soil and rubbish in and about slate quarries, to commit to him this work on the following terms and conditions as recited in the contract: "It is therefore understood and agreed that said Achenbach shall open or remove top and place the material removed at such points as directed by the said owner, to a depth as low as can be attained by the use of the steam shovel, the dimensions and locations of the same to be determined and directed by the said owners, and the referred to owners hereby agree to pay to the said Achenbach twenty-five cents (25c.) per cubic yard for all material thus removed." The negotiations between the parties that preceded the execution of the written contract are unimportant. Whatever they were, they

were merged in the contract which unassailed must stand as the final and only expression of the intention and understanding of the parties.  That the contract as written contemplated a determination and direction by the owners of the dimensions and location of the opening before the work was entered upon is manifest, and that it was so understood by the parties is evident from the fact that by appointment, made immediately upon the execution of the contract, Mr. Brinton, one of the owners, met with the plaintiff upon the premises for the purpose of indicating to him where the location of the opening should be made and marking the lines upon the ground.  And this was then and there done, the ground to be excavated as shown by these lines being 100 feet in width and 250 feet in length.  The plaintiff thereupon entered on the work and had excavated some 5,000 feet of earth within the location he had been directed to observe, when Mr. Stoddard, one of the owners and one of the defendants, desired the location to be moved further east.  In this the plaintiff acquiesced, and had been working on the new location some six months when Mr. Stoddard again demanded a change of location and that the opening be made further north and west.  So far there is no disagreement in the testimony of the witnesses.  At this point we encounter contradiction.  The plaintiff testified that when this second change of location was demanded by Mr. Stoddard, he, the plaintiff, objected to working further north and west and told Mr. Stoddard that he was not obliged to do so under his contract which gave him but 25 cents per cubic yard, but that he would be willing to dig it for a reasonable price, not less, however, than 45 cents a yard.  To this Mr. Stoddard replied, so testifies the witness, "I want you to dig in this new location, and I am willing to pay you a reasonable price for it.  Go ahead."  Plaintiff thereupon proceeded with the work on the new location and upon its completion demanded to be compensated therefor at the rate of 45 cents per yard.  His demand was refused and he brought the

present action for its recovery. The defendent, Stoddard, denied having had the conversation with the plaintiff testified to by the latter, and thus was raised the principal issue of fact in the case. It is unnecessary to review the evidence on one side and the other; it is enough to say that while plaintiff's testimony was not without corroboration, the defendants adduced evidence which more or less supported their contention. The question was fairly submitted to the jury and the verdict was in favor of the plaintiff. The contention is made here, as it was in the court below, that the plaintiff's compensation having been fixed by the original contract at 25 cents per yard, under that contract he was bound to do the work in such dimensions and locations as the defendants might direct, and a promise, if any were subsequently made, to pay him a greater price would be null and void as a nudum pactum. We do not so read the written contract. It was in evidence, and not disputed, that a few days before the contract was executed the defendant, Stoddard and the plaintiff went upon the land, and Stoddard pointed out to the plaintiff the place or places where the quarry was to be opened and the lines and boundaries between which the soil was to be removed. This indicated to the plaintiff not only the location in which he was expected to work, but the extent of the area. After the execution of the contract and immediately before the plaintiff began work, Brinton, another of the defendants indicated the same location and marked the lines. Having done this the right of the defendants under the contract to determine the dimensions and location of the excavation was exhausted. No change, at least none that would impose additional burden on the plaintiff, thereafter could be made except with the consent of the latter. That the change proposed would so result was claimed by the plaintiff in his conversation with Stoddard, according to his own testimony, and the testimony of at least one witness who says that plaintiff said to Stoddard, that "he wouldn't go any further for the price he

took out the other excavation for, that it was worth more to go outside the original lines and that Stoddard, not disputing the fact as stated, asked plaintiff what he thought would be a reasonable price for this outside work, and plaintiff replied 45." The assumption of such additional burden by the plaintiff was a sufficient consideration for the parol agreement, were any needed other than is implied from the mutual consent of the parties to the change. "It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted. And this may be shown by parol by showing either an express agreement or actions necessarily involving the alterations. Where the effort is to contradict the terms of a written contract, the measure of proof is as stated by appellant; but where he goes no further than to show a subsequent modification, or waiver of something provided for in the contract, while the burden is upon the party asserting the change, all that is required is that the evidence in support of the claim should be convincing to the jury." See also Malone & Son v. Philadelphia & Reading R. R., 157 Pa. 430.

Another contention made by the appellants is that even though the parol contract for additional compensation was established, such contract was made with but one of the defendants, and in the absence of evidence that the other defendants approved and assented thereto, no recovery should have been allowed against them, the defendants being tenants in common and the action joint. It is quite enough to say in answer to this that no such point was made in the court below. It is here urged for the first time. "It is familiar practice, recognized and enforced by this court that a party will not be heard to question the correctness of the submission of a case after the court has submitted it from the standpoint in which both parties to the issue manifestly tried it. This court reviews only questions considered and de-

termined in the court below.  We will not convict the trial court of error in not having ruled the case on a question which both parties concede was not in it": Richardson v. Flower, 248 Pa. 35, 37.  "A litigant may not sit silent and take his chances of a verdict, and afterwards, if it is adverse, complain of a matter which would have been immediately corrected at the time of trial": Reznor Manufacturing Co. v. Bessemer & Lake Erie R. R. Co., 233 Pa. 369.  If what is here complained of was error, it was an error that could and would have been avoided had it been brought to the attention of the court.  But we are by no means convinced that injustice was done in allowing the recovery against all defendants jointly.  The facts and circumstances of the case as disclosed by the evidence would warrant a finding that to Stoddard, with whom the alleged contract was made, had been committed the general management of the enterprise with power to act for and on behalf of the other two to the extent of making the agreement asserted.  The defendants could have had this question submitted to the jury had they so desired.  They failed to make such request and asked no instructions on the subject.  The complaint comes too late.

In what we have said the several assignments of error have been fully considered.  We find them without substance and they are overruled.  The case was submitted under instruction free from error, and the judgment is affirmed.