Fisher, Appellant, *v.* Warakomski.

Argued January 3, 1955. Before STERN, C. J., STEARNE, JONES, CHIDSEY and MUSMANNO, JJ.

*James T. Shea*, with him *Charles A. Shea, Jr.,* and *Shea & Shea,* for appellant.

80

*Bernard J. Kotulak,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, March 14, 1955:

After a continuous service of 14 years as a school teacher in the School District of Nanticoke, Luzerne County, Mrs. Mary Kosker Fisher asked for and obtained maternity leave. Nine months later the School Board called her back to resume her teaching duties. Some two years and nine months after this resumption of duty, the School Board suspended Mrs. Fisher because of a decrease in pupil enrollment. Mrs. Fisher protested the suspension, claiming that her seniority rights surpassed those of the four teachers who had been retained. The Board countered with the assertion that Mrs. Fisher lost her seniority rights when she took maternity leave. In the action of mandamus filed by Mrs. Fisher in the Court of Common Pleas of Luzerne County, judgment was rendered in favor of the defendant School Board, and this appeal followed.

Section 1166 of the Public School Code of 1949, P. L. 30, provides: "(a) Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a teacher . . . shall be entitled to a leave of absence for restoration of health, study or travel, or, *at the discretion of the board of school directors, for other purposes.* At least five consecutive years of such service shall have been in the school district from which leave of absence is sought, unless the board of school directors shall in its discretion allow a shorter time. *Such leave of absence shall be for a half or full school year, or for two half school years during a period of two years, at the option of such person.* Thereafter, one leave of absence shall be allowed after each seven years of service. . . ." (Emphasis supplied.)

Under Section 1170 of the Code, a teacher on sabbatical leave shall be considered: ". . . to be in regular full-time daily attendance in the position from which the sabbatical leave was taken, during the period of said leave, for the purpose of determining the employe's length of service and the right to receive increments, as provided by law."

Thus, if it is determined that Mrs. Fisher was on sabbatical leave during the time she was absent from her teacher's position, she did not forfeit her seniority rights and she is qualified for reinstatement.

The rules and regulations for maternity leave promulgated by the School Board in 1943, provided that such leaves would be for a minimum of two years without pay and upon 20 days' prior application. Then, 60 days before returning to duty, the teacher was to file a notice of intention to return and a physician's certificate of physical fitness. On January 9, 1951, the Board granted maternity leave to Mrs. Fisher without specifying the period of such leave. Nine months later, as above related, the Board recalled Mrs. Fisher, and she taught school from September, 1951 to June, 1954, when she was suspended.

The defendant School Board has conceded through brief filed by its counsel that it could have granted Mrs. Fisher *sabbatical leave* under the "other purposes" clause of Section 1166 of the School Code: "Though maternity leaves are not specifically mentioned in the Code, it has been held that such leaves *might* be included within the 'other purposes' for which a teacher might be entitled to a sabbatical leave. McGurl v. Winton Borough School District, 82 D. & C. 578."

In the circumstances of the case it could well be held that the Board intended that Mrs. Fisher's maternity leave was to be granted under the "other pur-

poses" clause of the Sabbatical Leave statute. In order to obtain maternity leave, following the rules and regulations stipulated by the Board, certain forms were to be executed by the applicant teacher. Mrs. Fisher did not supply these forms nor did the Board insist on them. The Board also omitted in its resolution granting the leave any reference to leave regulations. It is to be noted further that during Mrs. Fisher's absence, the Board paid her contributions to the Retirement Fund out of moneys due her as back salary for the period from September to December, 1950, so that the financial bond between her and her incumbency was never severed. All these facts, coupled with the Board's recall of the plaintiff long before the two years had expired, spelled out an intention on the part of the Board to follow the procedure indicated in the Sabbatical leave statute rather than its own maternity leave regulations.

The defendant Board argues, however, that Mrs. Fisher's leave was not a sabbatical leave because: (1) The Board granted a maternity leave under the maternity resolution and not pursuant to the sabbatical leave statute; (2) Sabbatical leave cannot be granted for more than one year whereas here the regulations provide for an absence of two years even though the plaintiff did not remain away for that period, nor was the period mentioned in the resolution granting the maternity leave; (3) Sabbatical leave presupposes a certain pay whereas the plaintiff was not to be paid during her absence; (4) The fact that the School Board called the plaintiff back to work within 9 months after her leave began was of no legal effect. This whole ladder of reasons must fall because it rests on Reason No. 4 which collapses at the slightest touch of logic and fairness. When the School Board recalled Mrs. Fisher, it rescinded whatever agreement it had

entered into with Mrs. Fisher on an assumed two-years absence. In the case of *Jacobs v. Wilkes-Barre Township School District*, 355 Pa. 449, 453, we said: "The legislature has not restrained or prevented mutual recognition of the termination of the contract. 'It is always competent for the parties to a written contract to show that *it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted.* And this may be shown by parol by showing either an express agreement or actions necessarily involving the alterations: Achenbach v. Stoddard, 253 Pa. 338, 343, 98 A. 604, 605'; Mazer v. Kann, 343 Pa. 376, 379, 22 A. 2d 707, 708. Appellant's contention, therefore, that the words 'And It Is Further Agreed by the parties hereto that none of the provisions of this act may be waived either orally or in writing', required to be incorporated in the contract, prevented termination by mutual agreement, is without merit." (Emphasis supplied.)

The defendant Board argues that since the plaintiff received no pay during her absence, the leave must be regarded as maternity leave because under Section 1169 of the School Pay one on sabbatical leave is entitled to a certain computed pay. However, it does not follow that if the payment is waived, the leave cannot be a sabbatical leave. As before noted, parties to a teaching contract can waive rights which are personal and especially is this true if the waiver in no way affects the public interest. Certainly the public interest is not adversely affected when a teacher agrees to take sabbatical leave without pay.

The Board also maintains that the plaintiff's absence cannot be held to have been properly authorized as sabbatical leave because Section 1166 provides: "Such leave of absence shall be for a half or full school year, or for two half school years during a period of

two years, at the option of such person." It also cites the case of *Halko v. Foster Township School District*, 374 Pa. 269, in behalf of its position. But that case is clearly distinguishable from the case at hand. There, the teacher first took leave of absence for one year, and then extended it for the next succeeding two years. We held: "Under the circumstances outlined by the Act he was not entitled to a three year leave of absence in successive periods of one year each. We cannot re-write the statute: Commonwealth ex rel. Cartwright v. Cartwright, 350 Pa. 638, 644, 40 A. 2d 30. Therefore when the plaintiff was absent for three consecutive years without statutory authority, his seniority rights began only when he was reemployed by the board, to wit, September 1, 1945."

In the instant case, however, whether we conclude that the length of the leave was at the outset undetermined (since no time was indicated in the resolution) or whether we regard the period of the leave, as originally granted, to be two years (reading into the resolution the maternity regulation providing for minimum two-year leave), the fact remains that the actual length of plaintiff's leave was only nine months, which period is well within the time allowed for sabbatical leave.

We, therefore, hold that the plaintiff's seniority rights did not terminate and that they are superior to those of the teachers retained by the Board. Her suspension accordingly was improper and contrary to law.

The Judgment is reversed and it is ordered that the plaintiff be reinstated to her position as a teacher of the School District of Nanticoke with all wages which have accumulated to the date of reinstatement.