## Thornton v. School District of Fell Township

*Ernest D. Preate* and *Thomas A. Garvey*, for plaintiff.

*T. Robert Martin* and *Bernard J. Brown*, for intervenor defendants.

*Charles S. Delaney* and *Edward Delaney*, for defendant.

HOBAN, P. J., March 4, 1959.—This is an amicable action of mandamus to determine the legality of the suspension of plaintiff as a professional employe of defendant school district. From the complaint it appears in June 1958 it became necessary to suspend a number of teachers in defendant school district; that

plaintiff and intervenor Stella Williams were so suspended while intervenor Nazak was retained in employment, but, because of the factual situation, plaintiff had acquired seniority over the intervenors. Plaintiff accordingly claims that his suspension was in violation of the tenure provisions of the Public School Code of 1949; that he is entitled to be restored to employment, displacing Nazak and as senior to Stella Williams and to receive the back pay due from the date of suspension. No question is raised as to the necessity for the suspensions, the only issue being the respective seniority status of plaintiff and the two intervenors. By agreement, the case was tried before Hoban, P. J., without a jury.

From the pleadings, stipulations and oral and documentary evidence we make the following:

### Findings of Fact

1. Plaintiff, Joseph Thornton, and the intervenors, Michael Nazak and Stella Withka Williams, are all professional employes of defendant, Fell Township School District, all properly certificated to teach in the elementary grades in the public schools of the Commonwealth, all holders of professional employes' contracts with defendant district as required by law, and there is no substantial difference in efficiency rating as between the three individuals.

The initial dates of regular employment by defendant district are as follows: Michael Nazak, August 1, 1927; Stella Withka Williams, September 2, 1930; Joseph Thornton, September 8, 1931.

2. Plaintiff and intervenors Nazak and Williams continued in employment by the district, with the exception of certain periods of leave granted by the district, to August 30, 1958, when plaintiff and Stella Williams were officially suspended by reason of financial necessities of the district and the request of the Department of Public Instruction of the Commonwealth

for the closing of one elementary school in the district. Michael Nazak was not affected by the suspension and continued in employment.

3. Plaintiff Joseph Thornton was on duly authorized military leave of absence for service in the Armed Forces from March 8, 1943 to November 13, 1945.

4. Intervenor Michael Nazak during the month of August, 1939, applied in writing to the Directors of Fell Township School District for a leave of absence for one year to be effective during the school year 1939-40. The application was duly approved and leave granted.

5. The application for leave submitted by Michael Nazak to the directors of the school district did not state a specific reason for the request, and there is no evidence that a specific reason was explained orally or otherwise to the members of the school board. Specifically, the request was not in form a request for sabbatical leave, nor was it so understood by the secretary or other members of the school board at the time.

6. Michael Nazak, prior to the submission of his request for leave, discussed the situation with the then superintendent of schools and explained to him that he desired to leave the teaching profession for a year in order to try out employment in industry.

7. Pursuant to the granting of leave to Michael Nazak as aforesaid, he obtained employment with the Eastern Maid Underwear Company, then located in the Borough of Hawley, Wayne County, as a shipping clerk. He worked at this occupation during the months of October and November and to and including December 10, 1939. At that time, the shop was closed in the Borough of Hawley and the machinery moved to Forest City, in Susquehanna County. Nazak resumed employment there on February 1, 1940, and remained in such employment for six weeks, when some sort of labor trouble caused the closing of the plant and the

company went back to New York. Thereafter, Nazak was unemployed for the balance of the school year 1939-40.

8. Michael Nazak, after due notice to the school directors of his intention to return, resumed his employment with the School District of Fell Township at the beginning of the school year 1940-41, and has continued as a professional employe thereof to the present date.

9. During the leave of absence secured by Michael Nazak for the school year 1939-40, the said Michael Nazak did not receive from the school district any salary or other compensation as a professional employe thereof, nor did he make any contribution to the State Teachers' Retirement Fund.

10. The intervenor, Stella Withka Williams, while a professional employe and teacher in the School District of Fell Township, was married on February 21, 1952. Because of some resultant family difficulties, Mrs. Williams and her husband moved to the City of Scranton, where Mr. Williams was employed, and took up residence in that city.

11. On August 11, 1952, intervenor Stella Williams submitted an application for leave in the following form:

"438 Adams Ave.
Scranton, Penna.
August 11, 1952.

"Mr. Chester Stungis, Secretary
Fell Township Schools
Simpson, Pa.

Dear Sir:

I would like to apply for a leave of absence for a period of one year beginning this school year September 3, 1952 and ending June 3, 1953.

Respectfully yours
STELLA WITHKA WILLIAMS"

By formal action of the Directors of the School District of Fell Township taken on August 11, 1952, the request was approved.

12. On August 26, 1952, Stella Williams visited a doctor, complained of nervousness, loss of sensation in the lower extremities and offered other symptons. The doctor, who was a specialist for eyes and ears, found that Stella Williams had symptomatic high blood pressure, was anemic, nervous and advised her to see a general practitioner. This doctor suggested that the general practitioner would probably advise her to take a rest.

13. After due notice and at the expiration of leave granted to Stella Williams as aforesaid, she returned to her professional employment as a teacher in the Fell Township School District and continued in such employment until the date of suspension, August 30, 1958.

14. During her period of leave as aforesaid, Stella Williams did not receive any salary or other compensation from the school district as a professional employe thereof, nor did she make any contribution to the State Teachers' Retirement Fund.

## Discussion

The Public School Code of 1949, and the prior law so far as it affects any of the situations here under consideration, provides only two types of leave of absence for a professional employe which are considered as if the employe during such periods were in regular or daily attendance at their professional duties. The first is military leave for the entire duration of such leave. See Public School Code of March 10, 1949, P. L. 30, sec. 1176, 24 PS §11-1176. The other type is the so-called sabbatical leave, designated as such by the statute. Under this type of leave, a professional employe who has completed 10 years of satisfactory service

"shall be entitled to a leave of absence for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes." The permitted period is one year, which may be taken either in one consecutive year or in two half-year periods, at the option of the employe. Similar leaves may be granted thereafter after the expiration of each succeeding seven years of service. See Public School Code of 1949, sec. 1166 et seq., 24 PS §11-1166. It is a condition of both types of leave that the applicant is required to agree to return to his or her employment with the school district for a period of not less than one year after such leave of absence.

As to sabbatical leaves, there are further rights and conditions involved. The person on leave of absence is entitled to receive the difference between his regular salary and the salary paid to any substitute temporarily engaged because of the employe's absence on leave. The employe is also entitled to make contributions as a member of the School Employees' Retirement Fund and continue his membership therein. The directors of the school district are further entitled to require reports from the employes concerned during such leave periods, to make sure that the employes on leave are utilizing the leave properly and for the purposes for which the leave was granted.

It is apparent from the testimony in this case that no person in authority in the district, either directors or the superintendent of schools in the case of Nazak, nor the supervising principal in the case of Stella Williams, regarded the leaves as sabbatical. The word "sabbatical" was not used in connection with the applications, nor is there any evidence that the specific purpose for which these leaves were to be used was explained to the directors or agreed to by them. We have nothing before us with the exception of the flat application in each case for one year leave of absence, the

grant thereof by the school district and the return to work by the two teachers at the expiration of their leaves.

It is conceded that if Nazak and Stella Williams are to retain their seniority status over plaintiff Thornton, they can only do so if the leave to Nazak in 1939 and the leave to Stella Williams in 1952 are considered as sabbatical leaves. Thornton's military leave, of course, did not disturb his continuity of service.

On the authority of Fisher v. Warakomski, 381 Pa. 79, I am constrained to hold that the leaves of absence in question granted to Michael Nazak and to Stella Williams were sabbatical leaves for the following reasons:

(a) At the time of their applications for leaves of absence, Michael Nazak and Stella Williams had completed more than 10 years of satisfactory service as teachers in the School District of Fell Township and, therefore, were entitled as a matter of right to sabbatical leaves for the purpose of restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes.

(b) So far as the directors of the district and the officials thereof were concerned, both leaves in question were granted by the directors of the school district "for other purposes," even if the same were not specified.

(c) The fact that Michael Nazak and Stella Williams did not receive pay during the period of leaves of absence does not destroy their character as sabbatical leaves. As stated in Fisher v. Warakomski, supra, parties to a teaching contract can waive rights which are personal, and especially is this true if the waiver in no way affects the public interest.

(d) The fact that no formal agreement to return at the expiration of the period of leave was executed

by the applicants therefore is of no importance, since, in fact, Nazak and Mrs. Williams did return and resume teaching at the end of their leave periods.

I cannot distinguish this case in any essential respect from Fisher v. Warakomski, supra. In that case, plaintiff was granted a maternity leave, which under the regulations of the school board could extend for two years and was without pay. She was recalled at the end of nine months and resumed her teaching position. During the nine months' absence, she received no pay, nor did she make any contribution to the Teachers' Retirement Fund. The Supreme Court held that even though not applied for specifically, under the sabbatical leave statute the leave of absence granted to plaintiff, Mrs. Fisher, could be construed as a sabbatical leave for other purposes, generally because she was entitled thereto by length of service and the purpose was "other purposes" as contemplated by the sabbatical leave statute, and the fact that she received no pay nor contributed to the Teachers' Retirement Fund made no difference in the situation, because a waiver of any right she might have had to pay and to make such contributions under a sabbatical leave statute was not contrary to public interest. The only factual difference which I can see is that in the Fisher case the school district paid Mrs. Fisher's contribution to the School Employes' Retirement Fund out of some moneys in the hands of the school district which were due her as back salary for a previous period. While in the opinion of the Supreme Court this served to indicate that "the financial bond between her and her incumbency was never severed," I cannot see that it makes any difference in the resolution of the essential question here whether the leaves granted Michael Nazak and Stella Williams are legitimately to be classified as sabbatical leaves. There is, of course, no evidence here that the school district paid anything into the State School Em-

ployes' Retirement Fund in either case, for the period of the specified leaves, either for the account of the employes or on account of its own required contribution. In fact, it is evidence that, as to Nazak, upon his return from leave and resumption of employment, he made some effort to pay back contributions to the retirement fund, which effort was rejected by the authorities of the fund on the theory that because he was absent for one year and received no portion of his salary during that year, he cannot receive credit for service during that year and no contribution should be reported for him while he was absent. Whether this administrative ruling was correct or not can have no bearing on the determination of the question if, in fact, the law permits the type of leave to be classed as sabbatical. As we read Fisher v. Warakomski, supra, these leaves must be so classified. Hence, the leaves of absence cannot be held to interrupt a continuity of service for Michael Nazak or Stella Williams, and, accordingly, we must hold that both Nazak and Mrs. Wiliams are senior in service to the plaintiff, Joseph Thornton. Therefore, neither Nazak nor Mrs. Williams could have been suspended while Thornton remained in service, so that, as of now, Thornton has no claim to displace Nazak as a professional employe of the school district, and in the event of recall to employment to fill an existing vacancy, Stella Williams is entitled to be returned ahead of Joseph Thornton.

### Conclusions of Law

1. The leave granted to Michael Nazak from his professional employment for the school year 1939-40 was a sabbatical leave within the meaning of the Public School Code of 1949 and its predecessor statutes in effect at the time of such leave.

2. The leave of absence from professional employment granted to Stella Withka Williams for the school

year 1952-53 was a sabbatical leave within the meaning of the Public School Code of 1949.

3. As of June 13, 1958, and as of August 30, 1958, Michael Nazak and Stella Withka Williams were senior in employment and teaching service to the plaintiff, Joseph Thornton, within the School District of Fell Township.

4. The retention of Michael Nazak in his professional employment with the School District of Fell Township as of August 30, 1958, as against the interest of Stella Withka Williams or plaintiff, Joseph Thornton, was in conformity with law.

5. In the event of a vacancy in employment within the School District of Fell Township for which either Stella Withka Williams or Joseph Thornton are qualified to fill, Stella Withka Williams, because of her seniority, is entitled to be recalled to service and employment therein before Joseph Thornton.

*Judgement Nisi.*

Now, March 4, 1959, the complaint in mandamus is dismissed. Judgment is entered in favor of the School District of Fell Township, the officers and directors thereof as defendants, and Michael Nazak, intervenor, and Stella Withka Williams, intervenor, to the extent that the said Stella Withka Williams is senior in service to Joseph Thornton and is entitled to be returned to any vacancy she is qualified to fill within the said school district ahead of the said Joseph Thornton.

The prothonotary to give notice of this decision and judgment nisi. Exceptions, if any, to be filed within 30 days; otherwise this judgment nisi to become final.