## Consolidated Tile and Slate Company *v.* Fox, Appellant.

Argued January 11, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel A. Rothman,* for appellants.

*David F. Binder,* with him *Harold W. Spencer* and *Edward L. Wolf,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 19, 1963:

The plaintiff entered into a written agreement, as a subcontractor, to provide the labor and material for ceramic tile work in an apartment building for which the defendants were the general contractors.[1] This action of assumpsit sought recovery of the balance due under the agreement and an additional sum allegedly due for extra material and labor supplied at the defendants' request and for which they allegedly agreed

---

[1] The defendants also owned the property.

to pay beyond the sum stipulated in the contract. The jury found in plaintiff's favor in the sum of $32,324.50. Following the denial of a motion for a new trial, this appeal was filed from the judgment entered on the verdict.

No issue is raised as to plaintiff's right to recover an award. The amount thereof is questioned. It is not seriously disputed that a balance of $15,000 remains unpaid under the terms of the original contract. Interest on this unpaid sum is calculated to be an additional $2000. Defendants contend that the terms of the contract precluded plaintiff from collecting for the so-called "extras" and that the trial judge erred in admitting parol testimony in explanation of certain language in the contract which they maintained is clear and unambiguous.

The contract provided, inter alia, that the plaintiff was "to furnish all labor and material . . . in accordance *with certain plans and specifications*[2] in the possession of the said party of the first part [the defendants], which have been examined by the said party of the second part [the plaintiff]." It further stipulated that, "There shall be no credits for omissions and no extra charges for additions or alterations which may be required to complete the work." The contract was executed on January 29, 1958; before this a set of plans and specifications was placed at the disposal of the plaintiff.

After the work commenced, substantial alterations in the original plans were made. A new set of plans and specifications was prepared by an entirely new architect and the intended use and character of certain floors in the building were radically revised. Whereas, the original plans encompassed that the plaintiff would lay 49,574 square feet of tile, the changes and new plans

---

[2] Emphasis supplied.

made it necessary to lay 58,104 square feet of tile, an increase of 17.2% in material, plus incidental labor.

The defendants contend that the originally submitted plans were incomplete; the plaintiff knew that they were subject to modification and additions, and, it was contemplated by the parties that the additional tile work was to be furnished for the original bid price of the plaintiff. We do not so construe the contract.

Admittedly, the defendants' lawyer prepared the agreement. If it is ambiguous and reasonably susceptible of two interpretations, it must be construed most strongly against those who drew it: *Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc.*, 404 Pa. 53, 171 A. 2d 185 (1961). Likewise, if the language of the contract is ambiguous and susceptible of two interpretations, one of which makes it fair, customary and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not likely enter into, the construction which makes it rational and probable must be preferred: *Wilkes-Barre Township School Dist. v. Corgan*, 403 Pa. 383, 170 A. 2d 97 (1961), and *Heidt v. Aughenbaugh Coal Co.*, 406 Pa. 188, 176 A. 2d 400 (1962). Moreover, if the language of a contract is ambiguous, parol testimony is admissible to aid in its construction: *Dowgiel v. Reid*, 359 Pa. 448, 59 A. 2d 115 (1948); *Herr Estate*, 400 Pa. 90, 161 A. 2d 32 (1960).

What was the meaning of the contractual clause providing, "There shall be no extra charges for additions or alterations which may be required to complete the work"? Did it mean that the defendants could substitute or add an unlimited number of rooms requiring extensive tiling, for rooms requiring no tile as indicated in the original plans? Or did it mean, that the plaintiff agreed to perform any minor alterations to the work required to be performed within the scope of the original contract? The clause is ambigu-

ous in this respect, and parol evidence was properly admitted to aid in its construction. The testimony of the president of the plaintiff corporation with respect to the clause in question was as follows:

"By Mr. Spencer: Q. Now Mr. Dougherty, you have heard what the Judge has said and you have heard the talk between counsel here. Did you discuss the meaning of that particular provision with Mr. Fox before you signed the contract or at the time you signed it? A. Yes, sir, I did. . . . Q. What was the discussion? A. The discussion was the omissions and additions were that if it ran around 30, 40, 50 feet of tile, either way, that we would not include any billing either way, so he agreed and I agreed to that. Q. Sometimes is it necessary to change a door here or opening there? A. Oh yes. It could mean 40 or 50 feet of tile which we would not bill or he would not bill. Q. Did you discuss that and then the contract was signed? A. That is correct." The foregoing testimony was in consonance with a reasonable interpretation of the relevant clause, and was believed by the jury as evidenced by its verdict. Under the circumstances, its admission was not error.

Appellants further argue that since plaintiff was obligated to do work included in the claim for "extras" under the original contract, that any subsequent promises made by the defendants lacked consideration. As previously indicated, the changes and additions were very substantial; they undoubtedly included work and material outside the scope of the original contract. Any other conclusion would be unreasonable. The construction of the contract urged by the defendants certainly taxes one's common sense.

It is beyond argument that parties may always modify a written contract previously entered into: *Wagner v. Graziano Const. Co.,* 390 Pa. 445, 136 A. 2d 82 (1957). Parties to a written contract may always show that it was subsequently modified, changed or a

new one substituted for it. This may be established by parol evidence showing either an express agreement or actions necessarily involving the alterations. *Achenbach v. Stoddard,* 253 Pa. 338, 98 A. 604 (1916) ; *Fisher v. Warakomski,* 381 Pa. 79, 112 A. 2d 132 (1955) ; *Wagner v. Graziano Const. Co.,* supra; *Bartl v. Crawford Door Sales Co.,* 394 Pa. 512, 147 A. 2d 399 (1959). Herein, the modification of the contract was shown by both an express agreement and by actions necessarily involving the alterations, and the plaintiff is entitled to be compensated for the work made necessary by that modification.

Finally, we find no merit in the contention that the verdict was excessive.

Judgment affirmed.