## Kinsman v. Kinsman

*Arthur Silverblatt*, for plaintiff.
*Albert Danoff*, for defendant.

HOURIGAN, J., February 3, 1972.—This matter comes before the court on defendant's preliminary objections to plaintiff's complaint in equity.

Plaintiff is defendant's former wife, the parties having obtained a divorce a.v.m. on January 22, 1971, in the Court of Common Pleas of Luzerne County, No. 1522, July Term, 1969. On December 19, 1970, the parties concluded long negotiations by entering into a written agreement for support, property settlement, custody of children and visitation rights.

At the time of the execution of the agreement, certain securities in the joint names of husband and wife were being held by Goodbody & Company, a stock brokerage firm. The brokerage firm, by prior agreement with the parties, had deposited to the credit of both husband and wife, the dividends currently being received on the jointly owned securities. This account presently has a balance of $4,297.51. The jointly held cash account is now on deposit with Merrill Lynch, Pierce, Fenner & Smith, which assumed the accounts of Goodbody & Company.

The agreement in question provides, inter alia, as follows:

"3. (b) The parties are joint owners of securities which are listed on Schedule 'A' of this Agreement. The Husband shall transfer to the Wife all of his interest in the said jointly owned securities. Husband shall execute assignments separate from certificates which shall be escrowed as hereafter set forth. . . .

"14. No modification or waiver of any of the terms of this Agreement shall be valid unless in writing and executed with the same formality as this Agreement. No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach of default of the same or similar nature. . . .

"18. The parties have incorporated in this Agree-

ment their entire understanding. No oral statement or prior written matter extrinsic to this Agreement shall have any force or effect. The parties are not relying upon any representations other than those expressly set forth herein."

It is plaintiff's contention that the intention of the parties to this agreement was that the husband would transfer to the wife all of his interest in the dividend account as well as the securities themselves pursuant to paragraph 3(b) of the agreement. Defendant takes the position that equity has no jurisdiction in this matter and that parol evidence should not be admitted in the absence of fraud, accident, or mistake, to supply an intent not otherwise expressly provided in the agreement.

We find that equity does have jurisdiction in this controversy. Plaintiff is not attempting to partition the dividend account, but seeks the entire fund pursuant to the terms of the agreement now before the court. In Droz v. Droz, 39 D. & C. 2d, 505, the court held that equity had jurisdiction of the subject matter and parties to the proceeding in a dispute which involved interpretation of the word "income" in a support agreement.

In Droz, the court also allowed parol testimony over plaintiff's objection, to attempt to ascertain the meaning of the word "income" as used in the agreement in that case.

The use of parol evidence in the instant case may assist the court in ascertaining the true intention of the parties to this agreement which resulted in the language expressed in paragraph 3(b) of the agreement, to wit, "all of his interest in the said jointly owned securities": Unit Vending Corporation v. Lacas, 410 Pa. 614; United Refining Company v. Jenkins, 410 Pa. 126; Consolidated Tile and Slate Company v. Fox,

410 Pa. 336. The source of the funds in the joint account, i.e., dividends from the stocks in the agreement only, dividends from other stocks and the stocks in the agreement, and/or dividends and sale of other stocks, may guide the court in their final determination of this litigation.

## ORDER

The preliminary objections are dismissed and defendant is allowed 20 days within which to plead to the complaint.