## Lawrence C. Knaefler, Inc. v. Bischoff

*John J. Rufe*, for plaintiff.
*Mark B. Weber*, for defendants.

WALSH, J., February 26, 1975.—Plaintiff, a building contractor, and defendants entered into a written contract for alterations and improvements to defendants' residence.

Before the completion of the contract, defendants ordered plaintiff to stop work and refused to pay plaintiff the balance of its bill. Plaintiff instituted suit under the contract for the work billed and not paid for. At the ensuing jury trial, the jury rendered a verdict in favor of plaintiff in the amount of $8,100. Defendants' motion for a new trial was refused by order of this court entered without opinion on November 25, 1974. Defendants have now taken an appeal to the Superior Court.

Defendants' main contentions are that the verdict was against the law and against the weight of the evidence. In order to sustain this argument, counsel for defendants has pointed out the apparent discrepancy in the language contained in the written contract. The contract provides, in relevant part:

"First, the contractor agrees to furnish material and perform all work necessary to complete the kitchen alterations (sic) and erection of a two-story masonry recreation room and study with covered patio . . . The actual billing of the job will be done on a cost plus 10% fee basis."

The consideration clause of the contract reads as follows:

"In consideration whereof, the said owner agrees that he will pay to said contractor in monthly payments, the sum of approximately Fourteen Thousand Eight Hundred Dollars for said materials and work."

Defendants contend that the consideration clause of the contract is controlling and that plaintiff is not entitled to cost plus ten percent, since this is not explicitly referred to as consideration, nor is it referred to as defendants' cost or obligation or responsibility; and is merely referred to as the actual billing of the job, and it appears only in the section of the contract

dealing with the contractor's obligations. Defendants emphasize that if they had permitted plaintiff to continue with the work, the final contract price would have greatly exceeded the figure of $14,800.

Plaintiff contends that the contract calls for all work to be billed on the basis of cost plus ten percent and that the figure of $14,800 was an estimate as distinguished from a fixed amount.

If the language of a contract is ambiguous and susceptible to two interpretations, one of which makes it fair, customary and such as prudent men would naturally execute, while the other makes it inequitable, unusual or such as reasonable men would not likely enter into, the construction which makes it rational and probable must be preferred: Consolidated Tile and Slate Company v. Fox, 410 Pa. 336, 189 A. 2d 228 (1963). Contracts must receive a reasonable interpretation according to the intentions of the parties at the time of the execution of the contract, if that intention can be ascertained from the language; but if the language of the contract is contradictory, obscure or ambiguous, or its meaning doubtful, an interpretation which makes a rational and probable agreement must be adopted: Heidt v. Aughenbaugh Coal Company, 406 Pa. 188, 176 A. 2d 400 (1962).

The jury, after hearing all the evidence and testimony concluded that plaintiff was entitled to recover. In our opinion, the evidence amply supports the jury's verdict.

There were two contradictory sections in the contract. To follow defendants' contention and limit the amount which plaintiff is entitled to under the terms of the contract to $14,800 would work an injustice to plaintiff. The testimony of plaintiff was uncontradicted as to the quality of the work performed or that plaintiff performed all the work for which defendant was billed. In addition, plaintiff went to great lengths to show some of the reasons why the billing exceeded the amount of $14,800. To so limit the amount of

plaintiff's recovery would have the effect of giving an interpretation to the contract which would result in an inequitable or unusual result and have an unreasonable end.

As the above-mentioned cases demonstrate, it is not the intention of the Pennsylvania courts to interpret a contract so as to make it inequitable, unusual or such as reasonable men would not likely enter into. It seems clear that plaintiff would not have performed a number of "extras" (estimated at $2,686) had he intended to be limited to $14,800 for all work performed on the contract.

The evidence presented supports the jury's finding that plaintiff is not limited to $14,800 for all work done under the contract, but that this figure was an estimate of the cost of the work to be completed for which plaintiff was entitled to be paid on a cost plus ten percent fee basis. While the actual figure which plaintiff claimed under the contract greatly exceeded $14,800, there was ample testimony presented by plaintiff to justify this variance.