## Lawson v. Insurance Company of North America

*Harris J. Sklar* and *Bernard M. Gross*, of *Gross & Sklar*, for plaintiff.

*Joseph H. Foster*, of *White & Williams*, for defendant.

HIRSH, *J.*, June 5, 1975—Plaintiff, Juanita Lawson, was injured on January 26, 1972, when the automobile which she was operating was struck by an uninsured motorist. Plaintiff's vehicle had been leased on a long-term basis from Gegnas Rent-A-Car and, along with approximately 100 other automobiles owned by Gegnas, was insured under a single liability policy issued by defendant, Insurance Company of North America (hereinafter referred to as "INA"). Ms. Lawson filed a claim with INA pursuant to the uninsured motorist provision of the policy. When settlement could not be reached, she demanded arbitration. Sander R. Gorberg, Esq., was selected as an arbitrator by claimant and defendant named C. Sumner Katz, Esq. Howard M. Girsh, Esq. was chosen as the third impartial arbitrator.

A hearing was held on January 31, 1974. There was no dispute that the other vehicle was uninsured, that plaintiff was not contributorily negli-

gent or that she has incurred medical expenses and loss of wages. The crucial point of disagreement was plaintiff's contention that aggregation of coverage, i.e. stacking, was permissible. After two additional hearings, the arbitrators awarded plaintiff $30,000, with Mr. Katz filing a separate dissenting report.

Plaintiff then filed a petition to confirm the award of arbitrators. Subsequently, INA petitioned this court to vacate and modify the award on the grounds that, under the language of the policy, the panel was without jurisdiction to decide the issue of stacking. Defendant further alleged that it was precluded from arguing this point before the arbitrators. We disagree with these contentions and, for the reasons set forth below, confirm the award of arbitrators.

Initially, defendant argues that the long line of appellate court decisions[1] permitting the arbitrators to decide questions of aggregate coverage are inapplicable because of the special amendatory endorsement of the policy in question. That language provides, in pertinent part:

"ARBITRATION

"If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile or an uninsured highway vehicle as defined respectively in

_____

1. See, generally, Allstate Insurance Company v. McMonagle, 449 Pa. 362, 296 A. 2d 738 (1972); Nationwide Mutual Insurance Company v. Barbera, 443 Pa. 93, 277 A. 2d 821 (1971); National Grange Mutual Insurance Company v. Kuhn, 428 Pa. 179, 236 A. 2d 758 (1968).

coverages, Family Protection Against Uninsured Motorists or Insurance Against Uninsured Motorists, because of bodily injury to the Insured; or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named select a third arbitrator, or if unable to agree thereon within 30 days, then upon request of the Insured or the Company such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine only the question or questions of legal liability and/or damages that are in dispute. The decision in writing of any two arbitrators shall be binding upon the Insured and the Company . . ."

A careful reading of this provision fails to convince us of the accuracy of defendant's claim. While mindful that the new policy excludes the words "all matter or matters in question" are arbitrable we do not believe the substituted phraseology specifically precludes the panel from deciding the question of stacking. First, this policy states that if the claimant and company do not agree as to the amount payable, the matter shall go to arbitration. Defendant claims that the policy clearly provides for limits of $10,000 per individual. Claimant argues that an award in excess of that amount is permissible. Thus, there is an obvious disagreement as to the amount payable, which, under the terms of the contract, is to be decided by arbitration. Second, the arbitrators are to determine questions of legal liability and/or damages that are in dispute.

If this is intended to serve as a limitation on the first part of the clause, it lacks the necessary precision to do so. Legal liability is nowhere defined in the contract. The common usage of the term "legal liability" is a liability which courts recognize and enforce as between parties litigant: Black's Law Dictionary, 4th Ed., 1968, p. 1040. While it is clear plaintiff and defendant are the parties litigant, the cumulative interpretation of the section is elusive. INA argues the arbitrators had only the power to decide the question of fault but did not limit defendant's legal responsibility for the occurrence. Overall, we believe the common construction of this new language neither deletes the question of coverage nor removes this matter from the governing arbitration procedure.

". . . [W]here the application or construction of the uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable.": United Services Automobile Association Appeal, 227 Pa. Superior Ct. 508, 516, 323 A. 2d 737 (1974).

Even accepting defendant's reading as a plausible interpretation, it certainly is not so clear as to permit only that analysis. For this reason alone, it should be interpreted against INA. "As this Court has stated on innumerable occasions: '. . . [T]he contract of insurance is to be read, in the event of any ambiguity in its language, in the light most strongly supporting the insured.'": Burne v. Franklin Life Insurance Company, 451 Pa. 218, 226, 301 A. 2d 799, 804 (1973); Weissman v.

Prashker, 405 Pa. 226, 233, 175 A. 2d 63, 67 (1961).[2] The corrolary to this rule is also well established. Where the meaning of a contract is ambiguous and reasonably susceptible of two interpretations, it must be construed most strongly against the party who drew it: Consolidated Tile and Slate Company v. Fox, 410 Pa. 336, 189 A. 2d 228 (1963).

Having failed adequately to distinguish the substantive provisions of this contract from the standard uninsured motorist arbitration clause, we are constrained to apply these same stringent guidelines in considering any additional issues which defendant raises for review. Thus, it must be shown by clear, precise and indubitable evidence that a hearing was denied, "or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable or unconscionable award, the arbitrator being the final judge of both law and fact, his award not being subject to disturbances for a mistake of either.": Allstate Insurance Company v. Fioravanti, 451 Pa. 108, 114, 299 A. 2d 585, 589 (1973); American Arbitration Association Award, 225 Pa. Superior Ct. 442, 446, 311 A. 2d 668, 670 (1973).

While defendant alleges that a hearing was denied on the merits of whether to allow aggregation of coverage, no such irregularity has been clearly shown.

Mr. McWilliams, then counsel for INA, was permitted to present testimony and evidence as to which arbitration provision was applicable. He also

---

2. Since the date of this order, the decision of the Superior Court in Blocker v. Aetna Casualty and Surety Co., 232 Pa. Superior Ct. 111, 332 A. 2d 476 (1975), has continued to follow this well-established rule.

submitted a brief on the issue of the arbitrator's jurisdiction to decide whether stacking was permissible. Why he did not also discuss the substantive issue as well was never explained. Nor does defense counsel indicate why a subsequent brief was not filed. Despite ample opportunity, the question was not raised before the panel and we have found no evidence that defendant was prevented from so doing. Thus, the necessary burden to vacate or modify the award has not been met.

Finally, it is interesting to note that while INA has repeatedly called attention to what it considered provisions of the arbitration clause, defendant has also chosen to ignore the explicit language of same. The policy provides for each party to select "a competent and disinterested arbitrator." Yet, Mr. Katz admits he was involved in the preparation of this very policy.

"Q. Have you ever done any work for INA?

"A. Yes. I have cases, defense work.

"Q. You represent the company?

"A. In the international area and in the aviation area our law firm is—I'm a resident partner of a New York law firm. We represent INA in our New York Office and I represent them in the international area and in Philadelphia.

"Q. Through the course of your representation for INA do you assist in the preparation of insurance policies?

"A. I did at one time, yes.

"Q. Did you assist at all in the preparation of the policy that is in question here?

"A. Yes.

"Q. Did you assist in the writing of the policy?

"A. Only the endorsement to the Pennsylvania endorsement which we are referring to.

"Q. The uninsured motorist provision?

"A. That's right.

"Q. You did not make us aware of it at the time of the hearing that you had anything to do with it, did you?

"A. Well, why? The language speaks for itself.": N.T. 38-39.[3]

While we do not question the honesty or the integrity of any of the arbitrators, we believe it was improper not to have so informed plaintiff and the other arbitrators, prior to the hearings. The purpose of this provision is to ensure the objectivity of the panel in determining the facts and interpreting the contract language. Because of his prior involvement, the possibility exists that Mr. Katz was more influenced by the intended result rather than the actual language employed. The majority of the panel construed the meaning differently and found in favor of plaintiff.

Our review of all the facts and circumstances presented leads us to conclude that the award of arbitrators was neither improper nor tainted by any irregularities.

Accordingly, it is, therefore, ordered and decreed that the petition of defendant is denied and that the award of arbitrators in favor of Juanita Lawson against Insurance Company of North America in the amount of $30,000 is confirmed, and the prothonotary is directed to enter judgment on said award in favor of Juanita Lawson against Insurance Company of North America in the amount of $30,000.

3. Depositions taken on August 9, 1974, at 10 a.m.