403 A.2d 125

Olga L. McBRIDE, John A. Ruffini, Harry B. Davis, Sophia Davis, his wife, William C. Archbold, Jr., Janice K. Archbold, his wife, Garland D. Cherry, Lucy V. Cherry, his wife, and Shirley E. D'Iorio,

v.

Harry B. DAVIS, Appellant.

Superior Court of Pennsylvania.

Submitted June 19, 1978.

Decided May 18, 1979.

Harry F. Dunn, Jr., Media, for appellant.

Francis T. Sbandi, Media, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from an order of the Court of Common Pleas of Delaware County, Civil Division, sustaining a verdict entered by the court, non jury, in the amount of $104,388.00 with interest and dismissing exceptions filed under *Pennsylvania Rule of Civil Procedure 1038(d)*.

The exceptions raised by the appellant fall into three categories:

(1) The court's exclusion of certain testimony on what defendant terms an erroneous application of the Rule against Parol Evidence;

(2) The court's refusal to disallow defendant's responsibility for authorizing "extra" work;

(3) That the court's verdict was against the weight of the evidence.

It appears that the appellant, who was a real estate developer, interested some friends and neighbors in entering into a partnership for the purpose of developing an apartment complex. Architectural plans were prepared, money was advanced, the site for construction acquired and financing arranged for the construction of the complex at a fixed price.

In order to secure a mortgage it was necessary to have a firm price for construction and to name a contractor. Appellant had secured all bids from various sub-contractors and had established the cost basis for constructions. In the construction agreement the appellant was named as the "Contractor" and the mortgage was secured. Shortly thereafter the tentative partnership agreement was finalized and appellant was designated as the managing partner of the venture. All partners had advanced their share of initial capital and arranged for a separate loan for the purpose of starting construction and site acquisition, etc. This loan was to be repaid (apparently) from the final advances under the mortgage.

Changes and improvements were made to the apartments as construction went along, and cost overruns were experienced so that the final cost exceeded the stated cost by a substantial amount and there were no funds available to repay the second loan from mortgage money.

Several partners brought suit against appellant for this excess cost in his capacity as the contractor which suit was based on the construction agreement. Appellant sought, by

parol evidence, to show that this agreement, as between the parties, had been completely abrogated by the partnership agreement and that as to them he was not a "Contractor" but a "managing partner".

Appellees countered by setting forth the agreement and alleging that he was in fact managing partner after construction was completed but was also the "Contractor" for construction and bound by the contract price.

Appellant admitted the existence of the construction agreement and that it was critical in securing the mortgage.

The court below refused to permit appellant to introduce his parol evidence citing the rule against Parol Evidence and stating as follows:

"Whenever any judgment, contract, grant or note is contained in any writing which appears to be complete and regular on its face, it is the sole evidence of the agreement, and cannot be varied, altered, or contradicted by parol evidence unless it is proved by clear, precise and indubitable evidence that a portion of the writing was either omitted or stated as a result of either fraud, accident or mistake.  Brown, Pa.Evidence Chapter 9, Page 223.

"See also *Gianni v. Russell,* 281 Pa. 320, 126 A. 791 (1924).  *Scott v. Bryn Mawr Arms,* 454 Pa. 304, 312 A.2d 592 (1973).  *Bardwell v. Willis Co.,* 375 Pa. 503, 100 A.2d 102 (1953).

"Defendant, however, never laid the foundation for admission of Parol Evidence, by alleging either fraud, accident or mistake.  No writing can be set aside, altered or changed unless fraud, accident or mistake is established in its writing.  Defendant hence could not change the agreement by Parole Evidence."

The court below, sitting without a jury, then eliminated all items claimed in the complaint which were not construction items, i. e., site acquisition, interest, architect's fees, etc., and entered judgment for the balance.

Appellant contends the court erred in refusing to permit him to show by parol evidence that the construction agreement, inter se, had been replaced by the partnership agreement, or that it had been changed by the subsequent agreement and by the conversations of the parties or by their conduct.

There is no question that all the monies were expended on the project and that all the improvements made were to the benefit of all the partners and that they were all informed as the changes were made.

■ It has always been the law that the parol evidence rule which prohibits the admission of oral evidence to vary or contradict a written contract does not apply to or prohibit a subsequent modification by writings or by words or by conduct or by all three. *Elliot-Lewis Corp. v. York-Shipley, Inc.*, 372 Pa. 346, 94 A.2d 47 (1953); *Dora v. Dora*, 392 Pa. 433, 141 A.2d 587 (1958); *Consolidated Tile & Slate v. Fox*, 410 Pa. 336, 189 A.2d 228 (1963).

■ The court below erred in refusing the parol evidence. Judgment reversed and a new trial granted.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.