## A. GILLISON ET AL. v. T. B. WANAMAKER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued January 29, 1891—Decided March 2, 1891.
[To be reported.]

(a) A building contract stipulated that the contractors should pay $5 per day, as liquidated damages for any delay in completion after September 1, 1888, and that the owner might direct additions or alterations in writing, whereupon such further time should be allowed as the architect might decide reasonable; no alterations or additions to be paid for unless so directed.

(b) The contract provided, also, that no work should be considered extra, unless an estimate for the same, in writing, had been submitted to and signed by the architect or owner; and that any question in the settlement of accounts should be submitted to the architect, whose decision should be final. The contractors, in suing on the contract, averred:

(c) That, at the request of the architect, extra work was done to the amount of $244.83; that the work was finished before November 1, 1888, and, after its completion, the architect approved it and gave " a certificate of approval, showing a balance of $698.08 due by defendant to plaintiffs," on presentation whereof to the defendant he refused to pay said sum.

(d) The affidavit of defence averred that certain parts of the extra work were never authorized, but were done in defendant's absence and without his knowledge; that the work was not completed for forty-two days after September 1, 1888, and the defendant claimed to set off $210 damages therefor, and also $2 as the value of two shovels carried off by the plaintiff:

### Statement of Facts.

1. It was error to enter judgment for want of a sufficient affidavit of defence, for the full amount of the plaintiffs' claim: (*a*) The statement of claim did not aver that any estimate of extra work had been submitted and signed, and the architect had no power to impose upon the defendant, ex post facto, an obligation to pay for work not previously ordered or authorized;

2. (*b*) As the statement of claim admitted delay in performance, without averring the allowance of additional time, or that the matter of delay was passed upon by the architect, his approval of the plaintiffs' bill could not be treated as excluding defendant's claim for damages for the delay; and (*c*) the defendant was entitled to credit for the value of the shovels.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 57 January Term 1891, Sup. Ct.; court below, No. 213 June Term 1890, C. P. No. 4.

On July 3, 1890, Andrew Gillison and others, trading as Gillison, Christie & Lockerbie, brought assumpsit against Thomas B. Wanamaker, to recover the sum of $698.08, with interest from November 1, 1888.

The plaintiff's statement of claim set out a contract dated April 13, 1888, between the defendant, as party of the first part, and the plaintiffs, as parties of the second part, whereby the plaintiffs undertook to construct and complete certain alterations and additions to the dwelling-house of the defendant, at the southeast corner of Eighteenth and Spruce streets, Philadelphia, under the direction of Theophilus P. Chandler, Jr., architect, and in accordance with certain plans and specifications. The material parts of the contract were as follows:

"2. It shall be lawful for the said party of the first part at all times to direct in writing any additions to or deviations from the plans and specifications aforesaid, without in any other respect or particular varying this agreement or impairing the force thereof; and in case of any such addition or deviation so directed in writing, such further time shall be allowed for the completion of said work as said architect shall decide to be reasonable; and such sums of money shall be added to or subtracted from the amount of the consideration hereinafter agreed to be paid, as the said architect shall judge the increase or diminution in the amount of work and materials thereby occasioned to be fairly worth; and it is expressly agreed that no

alterations or additions are to be paid for unless so directed in writing."

"4. If any question should arise during the progress of the work, respecting the true construction or meaning of the drawing or specifications, or in settlement of accounts, it is to be referred to the said architect, whose decision shall be binding upon both parties.

"5. No work shall be considered as extra, unless a separate estimate in writing for the same shall have been submitted by the contractor to the architect or the owner, and his signature obtained thereto."

"8. Should the contractor fail to finish the work at or before the first day of September, 1888, he shall pay to the party of the first part the sum of five dollars per diem for each and every day thereafter the said work shall remain unfinished, as and for liquidated damages.

"9. In consideration of the foregoing, the said party of the first part agrees to pay to the said parties of the second part, upon certificate of said architect that the terms of this contract are complied with, within three days after the receipt of the same, said certificate, however, in no way lessening the entire and final responsibility of the parties of the second part, and upon sufficient evidence that all claims upon the building for work or materials up to the time of each and every payment are discharged, . . . . . the sum of four thousand three hundred dollars, in manner following, viz.: To be made in three payments, at such times and in such amounts as the architect decides."

—After giving a copy of the contract, the statement of claim made the following averments:

"In accordance with said contract, plaintiffs proceeded to and did perform all said work in a good and workmanlike manner, under the direction of the said architect, and in accordance with his plans and specifications.

"During the progress of said work, at the request of said architect, plaintiffs also did the following extra work:

| | |
|---|---:|
| Oak ceiling in hall, . . . . . . | $150.00 |
| Extra linting plaster in hall, . . . . | 6.00 |
|     *    *    *    *    *    *    *    * | |
| New knobs to front door, . . . . . | 6.50 |
| | $244.83 |

Statement of Facts.

" Plaintiffs have been paid the sum of $3,838, and defendant is also entitled to a deduction of $8.75 for stained glass, leaving due to plaintiffs said sum of $698.08 with legal interest.

" Said work was finished before November 1, 1888. Plaintiffs aver that after the said work was done it was examined by the said architect and approved by him, and his certificate of approval of plaintiffs' bill, showing a balance of $698.08 due by defendant to plaintiffs, was shown defendant, and demand made for payment thereof ; but defendant has neglected and refused to pay the same or any part thereof. And plaintiffs further aver that no liens have been filed against said property, and the time when liens could be filed has long since expired. Plaintiffs, therefore, claim said sum of $698.08, the amount due them according to the decision of the architect, and with legal interest thereon. Hence this suit."

The defendant filed an affidavit averring a defence to a part of the plaintiffs' claim as follows :

" After said contract had been signed and the specifications agreed upon had been accepted by plaintiffs, and after said work under said specifications had been under way, and this deponent had paid to said plaintiffs the sum of $3,000, on account of same, and whilst this deponent was away from the city of Philadelphia, during a continued absence of two months, the said plaintiffs did undertake, this deponent is informed, to perform certain extra work, as set out in the statement filed by them in this case, all of which, with the exception of the oak ceiling in hall, was done without the knowledge, request or consent of this deponent, or of any one acting under his direction, and in violation of the second clause of the contract entered into by this deponent with said plaintiffs as aforesaid, and for which this deponent did not agree at any time with said plaintiffs to pay or become responsible for. If said alleged extra work was ordered by any one in the name of this deponent and on his behalf, it was without the knowledge or consent of said defendant.

" There is no averment on the part of plaintiffs that this deponent directed or ordered this work to be done, and agreed to pay for the same upon any contract price, or ordered or directed any one to have it done on his behalf or account ; nor is there any averment that, at the time the alleged extra work

was done, a separate estimate was furnished in writing and signed by this deponent or some one duly authorized by him, as provided for in said contract entered into by this deponent with said plaintiffs.

"Said deponent did contract and agree to pay said plaintiffs, upon the complete finishing of alterations and additions to the said premises, under the terms and conditions of the said contract, the sum of $4,300, and the further sum of $150 for the oak ceiling also contracted for, making in all the sum of $4,450. This deponent has paid said plaintiffs, at divers times, the sum of $3,838; but, as to the said balance due of $612, this deponent claims as a set-off to said amount the sum of $210, due by said plaintiffs to this deponent as damages sustained by him, under the terms and conditions of said contract, for a wilful breach thereof made by them, by reason whereof this deponent did not secure possession of his premises from said plaintiffs at the time agreed upon, to wit, September 1, 1888, but was obliged to wait until October 12, 1888, a period of 42 days, during all of which time he lost the use and occupation of said premises as a dwelling; and also the further sum of $2, being the value of two shovels, the property of this deponent, taken by said plaintiffs at the time they finished their said work under said contract, leaving due by this deponent to said plaintiffs the sum of $400 in cash, which he now admits, and always has heretofore, to be due and payable to said plaintiffs, and which said amount he hereby tenders to said plaintiffs."

—A rule for judgment for want of an affidavit of defence having been made absolute, without opinion filed, and judgment entered for $776.96, the defendant took this appeal, specifying that the court erred:

1. In entering judgment in favor of plaintiffs and against defendant for want of a sufficient affidavit of defence.

*Mr. William L. Nevin*, for the appellant:

1. By § 2 of the contract, it is expressly stipulated that no alterations in or additions to the work are to be paid for unless ordered in writing. There is no averment in the statement of claim that such order was obtained, and the plaintiffs cannot recover without it: Russell v. Sa Da Bandiera, 13 C. B., N. S.,

Arguments.

149; Kirk v. Bromley Union, 17 L. J. Ch. 127. By § 5 of the contract, it is expressly stipulated that no work shall be considered as extra, unless a separate estimate in writing for the same shall have been submitted to and signed by the owner or architect. There is no averment that such estimate was submitted, and it is a condition precedent to recovery for extra work: O'Brien v. Fowler, 67 Md. 561; Miller v. McCaffrey 9 Pa. 245.

2. It is alleged in the affidavit of defence that the plaintiffs failed to complete their contract until forty-two days after the stipulated time, and therefore the liquidated damages of $5 per day for that period are recoverable: Young v. White, 5 W. 462. Even if extra work had been ordered, the plaintiffs do not aver that this necessitated their taking additional time to complete their contract. Under § 9 of the contract, the architect's approval was in no way to lessen the entire and final responsibility of the contractors. But, the plaintiffs having failed to comply with the terms of their agreement, before any certificate of approval was given, and the rights of the parties having become fixed at that time, it is suggested that any subsequent approval, if given, would not be binding upon the defendant unless based upon a new contract or consideration. Moreover, the statement of claim does not set out any approval by the architect in such manner as required by the act of May 25, 1887, P. L. 271.

*Mr. Alexander Simpson, Jr.,* for the appellees:

Not a single averment of the statement of claim is denied by the affidavit of defence. A sufficient answer to the whole of the defence set up, is that the decision of the architect is made binding on both parties by § 4 of the contract, and the plaintiffs seek to recover only the amount of his award: Hostetter v. Pittsburgh, 107 Pa. 419; Connor v. Simpson, 104 Pa. 440; Hartupee v. Pittsburgh, 97 Pa. 107. But the points made by the defendant will be considered separately.

1. The first alleged defence is that the extra work was not performed under written directions of the defendant, and therefore, by reason of § 2 of the contract, there can be no recovery for it. But § 2 does not relate to extra work, but only to " additions to or deviations from the plans and specifications."

Extra work is provided for by § 5, and this may be ordered by the architect. The statement of claim avers that all this work was so ordered. The affidavit of defence does not deny this, and does not pretend to aver that this section was not fully complied with.

2. The second defence alleged is that the work was delayed beyond the stipulated time. Under § 2, the architect had discretionary power to allow additional time in case of extra work. It is suggested that we do not aver that we were allowed extra time. But the delay is purely a matter of defence; and it was the defendant's duty, if he wished to avail himself of it, to fully set out and aver that the time was not extended. Especially is this so, in a case like the present, when the statement of claim averred an award by the arbitrator who was authorized . to extend the time.

3. It is suggested that the certificate of the architect is not conclusive, because § 9 of the contract provides that the payments therein referred to shall in no way lessen the plaintiffs' entire and final responsibility. A very cursory reading of that section will show that this provision relates solely to the partial payments to be made as the work progressed, and in no way modifies or controls the provision in § 4, that the architect's decision shall be binding upon both parties. The argument that, as the plaintiffs were in default, the award was nugatory, is a curious proposition, assuming a default when the defendant's own chosen arbiter has decided that it did not exist.

OPINION, MR. JUSTICE CLARK:

Upon a careful examination of the plaintiffs' statement of claim and the affidavit of defence filed, we are of opinion that the latter was sufficient to send the case to a jury. The contract provided for the erection and completion of certain alterations and additions to the defendant's dwelling, corner of Eighteenth and Spruce, in the city of Philadelphia, under the direction of Theodore P. Chandler, an architect, according to certain plans and specifications which were made part and parcel of the contract.

The second clause of the contract provided as follows: "It shall be lawful for the said party of the first part at all times to direct in writing any additions to or deviations from the plans

and specifications aforesaid, without in any other respect or particular varying this agreement or impairing the force thereof; and in case of any such addition or deviation, so directed in writing, such further time shall be allowed for the completion of said work as said architect shall decide to be reasonable; and such sums of money shall be added to or subtracted from the amount of the consideration hereinafter agreed to be paid, as the said architect shall judge the increase or diminution in the amount of the work and materials thereby occasioned to be fairly worth; and it is expressly agreed that no alterations or additions are to be paid for unless so directed in writing."

The contract further provides that "no work shall be considered as extra, unless a separate estimate in writing for the same shall have been submitted by the contractor to the architect or the owner, and his signature obtained thereto;" and that, "if any question should arise, during the progress of the work, respecting the true construction or meaning of the specifications, or in settlement of accounts, it is to be referred to the said architect, whose decision shall be binding upon both parties."

From the plaintiffs' statement it now appears that extra work to the amount of $244.83 was done. The defendant admits that the oak ceiling in the hall was added by his direction, and that he agreed to pay $150 for that portion of the extra work; but he alleges that the balance of the extra work charged was not done by his direction, or by the direction of any one authorized by him, in the mode specified in the contract or otherwise; that he was absent from the city when this portion of the work was done, and it was done without his knowledge, or the knowledge of any one acting under his direction, and in violation of the second clause of the contract.

The architect, as the arbiter, was bound by the terms of the submission; he was, in this capacity, the agent of both parties. He had the power, in the manner agreed upon, to authorize the performance of extra work; but, if neither he nor the defendant himself authorized it, the architect could not afterwards impose an obligation upon the defendant when none previously existed under the contract. The defendant had a right to rely upon the terms of the agreement, and the powers

Opinion of the Court.

of the architect were conferred and restricted in this instrument.

It was averred in the statement that "after the said work was done it was examined by the said architect, and approved by him; and his certificate of approval of plaintiffs' bill, showing a balance of $698.08 due by the defendant to the plaintiffs, was shown defendant, and demand made for payment thereof." It is not alleged that any separate estimate of the extra work, in writing, was submitted to the architect or the owner, and his signature obtained thereto.

The work was to be completed on the 1st day of September, 1888, and it was provided that, should the contractor fail to finish on or before that date, he should pay the party of the first part "the sum of five dollars per diem for each and every day thereafter the said work shall remain unfinished, as and for liquidated damages." The statement admits that the work was not finished until the first day of November, 1888, and it does not state that, owing to the additional or extra work, any allowance was asked for, or was in fact allowed by the architect, or that any question arose upon that subject for the decision of the architect, or that the architect in fact passed upon any such question; it simply sets forth that the plaintiffs' bill for the balance of the work was examined by the architect, and approved by him. The certificate is not before us. We only know from what is set forth in the plaintiffs' statement what it contains; and we have no right to infer a fact which it was the plaintiffs' duty to disclose.

As to the two shovels, we can only say that, unless they are to be excluded upon the principle de minimis, etc., the defendant would seem to be entitled to a credit for what they were worth. Of course we rule this case upon the effect of the statement and the affidavit; when the cause comes to trial and the facts are fully developed, a different case may be presented.

The judgment is reversed, and a procedendo awarded.