# Prudden-Winslow Co., Inc., Appellant, *v.* Stipp.

*Contracts—Written instruments—Varying terms — Subsequent modification—Parol evidence.*

Even although parties have entered into a written contract, they are still free agents and may alter the contract if they so desire, notwithstanding the fact that it contains a provision that no verbal understanding or agreement shall be binding upon the parties.

In an action of assumpsit for breach of contract, it was alleged that the plaintiffs' agent had agreed to change the terms of the contract with reference to the time of payment, and a letter from the plaintiff was offered in evidence recognizing its agent's authority and ratifying his promise.

In such circumstances, the case was for the jury and a verdict for the defendant will be sustained.

Argued March 8, 1921.   Appeal, No. 15, March T., 1921, by plaintiff, from judgment of C. P. Lackawanna County, June T., 1916, No. 314, on verdict for plaintiff in the case of Prudden-Winslow Company, Inc., v. Mathias Stipp.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit for materials sold and delivered.   Before MAXEY, J.

From the record it appears that the plaintiff claimed for goods sold and delivered to the defendant pursuant to an order for the same signed by the defendant on September 18, 1914, and accepted by the plaintiff on October 2, 1914.   The statement alleged failure of the defendant to pay the balance due on said order of $597.94, with interest from January 30, 1915.   The defendant filed an affidavit of defense admitting a balance due of $107.97 and averred a set-off for the balance of the claim occasioned by plaintiff's failure to deliver at times agreed in contract; and also averred that, at the time the order was signed and upon the faith of which the order was given, a parol contemporaneous agreement was made with the duly appointed agent of the plaintiff by which the terms of payment, as set out in the written order, were changed.

Verdict for plaintiff for $121.37.   Plaintiff appealed.

*Errors assigned* were the charge of the court, answers to points and refusals of plaintiff's motion for judgment non obstante veredicto.

*M. J. Martin,* and with him *Frank L. Martin,* for appellant.—The written contract between the parties was the evidence of their agreement and the testimony in regard to the parol contract was inadmissible: Transfer Manufacturing Company v. Blaney, 61 Pa. Superior Ct. 379; Ridgeway Dynamo & Engine Company v. Pa. Cement Co., 221 Pa. 160; W. F. Frederick Piano Co. v. Landau, 67 Pa. Superior Ct. 415; Express Publishing Co. v. Aldine Press, 126 Pa. 347; Oxweld Acetylene Co. v. Hastings, 71 Pa. Superior Ct. 178; Otto Gas Engine Works v. Pepper, 228 Pa. 205.

*R. A. Zimmerman,* for appellee.—Parol evidence is admissible to alter, vary or contradict a written instrument, where such evidence establishes an oral agreement contemporaneous with the execution of the writing, and on the faith of which the instrument was executed: Phillips v. Meily, 106 Pa. 536; Renshaw v. Ganz, 7 Barr 117; Gandy v. Weckerly, 220 Pa. 285; Clinch Valley Coal & Iron Company, to the use of Henry S. Grove and George McCall, Trustees, v. George Willing, 180 Pa. 165; Fidelity and Casualty Company v. Harder, 212 Pa. 96; Keller v. Cohen, 217 Pa. 522; Wanner v. Landis et al., 137 Pa. 61.

OPINION BY TREXLER, J., April 18, 1921:

Plaintiff furnished certain pipe which the defendant required in executing a contract to construct a sewer for the city of Carbondale. Defendant signed a written order which was subject to the terms and conditions printed on the back thereof. These provided for a two per cent cash discount on the net amount to be paid in ten days, or net in thirty days. There was also a provision that the entire contract was contained in the written order, and "no verbal understanding or agreement not contained in writing on the face of the order (and these conditions) shall be considered of any force whatever." The defendant did not comply with the written

terms in regard to payment, and the plaintiff declined to fill a portion of the order. Defendant testified that at the time the contract was signed, the agent of the plaintiff agreed that no demand for payment would be made of him until he got his money from the city. The order was dated September 18, 1914. The plaintiff on October 2, 1914, addressed a letter to the defendant which in part reads as follows: "When Mr. Edgette took up with you recently the matter of terms on this sale, it was not made a special action in your instance. All of the work which we have we have signed contract on the same as we requested from you, and we therefore do not presume that you would have any hesitancy in signing the agreement which Mr. Edgette offered you. However, Mr. Edgette advises that you do not feel inclined to do this, and on account of Mr. Edgette being personally acquainted with you, and after he has explained the matter to us, we have decided that it will not be necessary in your instance to sign the release which we requested. We do not desire to embarrass or inconvenience you on the matter of payments, but of course, we, like nearly every one else, become quite hard up for funds occasionally and when such time arises, we will then write you and we hope that you will find it convenient to help us out. We trust that this is entirely satisfactory to you." Notwithstanding the written contract, the parties were still free agents. They could change it if they so desired. In this letter the plaintiff not only recognized the authority of the agent to modify the terms of the order, but apparently ratified his promises in this regard, and in writing waived the terms of the contract. At least this letter admits of that construction. It therefore opened the door for the proof submitted by the defendant. The plaintiff having conceded in writing that the defendant would not be held to the strict terms of payment set out in the order, and the terms of payment not being clearly defined in the letter, it was the province of the jury to decide under all

the evidence submitted what the actual terms of payment were, and the court very properly submitted the matter to them in a very careful charge in which the plaintiff's side of the question was very fully presented.

This disposes of the governing question in the case and is decisive of all matters involved.

The assignments of error are overruled, and the judgment is affirmed.