## Wagner, Appellant, v. Graziano Construction Co.

Argued October 2, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*James W. Daub,* for appellant.

*I. E. Binstock,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 18, 1957:

Edward J. Wagner entered into a contract with Graziano Construction Company to paint and supply materials in connection with the construction of the Heights Plaza Shopping Center in Natrona Heights by the Graziano Company as general contractors. The agreement between Wagner and Graziano provided, inter alia: "Without invalidating this contract the Contractor may add to or reduce the work to be performed hereunder. No extra work or changes from plans and specifications under this contract will be recognized or paid for, unless agreed to in writing before the extra work is started or the changes made, in which written order shall be specified in detail the extra work or

changes desired, the price to be paid or the amount to be deducted should said change decrease the amount to be paid hereunder."

Wagner claims that while fulfilling his obligations under the contract he was orally requested by the defendant's general superintendent to perform some extra work and supply additional material, the superintendent assuring him that such orders did not need to be in writing, despite the provision to that effect in the contract. Wagner states that then after acceding to the oral demands of the defendant's general superintendent, Graziano refused to pay for the supplemental work and additional materials. He accordingly brought suit against Graziano for the amount of $5,192.22. Graziano filed preliminary objections, demurring on the ground that the complaint failed to state a cause of action because it was based on oral orders which were excluded by the contract. The lower Court sustained the objections and dismissed the complaint. Wagner appealed.

In his complaint Wagner averred: "In directing plaintiff to perform work not within the scope of work to be performed under the written contract, defendant's general superintendent refused to sign written work orders as required by said written contract: he informed plaintiff that written work orders signed by him would not be required and directed him to perform the extra work without the written work orders, informing plaintiff that appropriate adjustments would be agreed upon at a later date."

For the purposes of the demurrer, this allegation, together with those averring the superintendent's authority, must be accepted as established fact. Thus, if we assume that the defendant's authorized agent informed Wagner that the requirement for written orders for extra work was being waived, we are then con-

cerned only with a determination of the question as to whether parties to a written contract may alter it by an oral understanding. There is nothing sacrosanct about a written agreement. Granted that writing makes for specificity and clarity, reduces the chances for errors, and allows for constant reference as to what was agreed upon, it nevertheless holds no superior position over an oral compact in the realm of authoritative utterances, except where the Statute of Frauds intervenes or is invoked. The most ironclad written contract can always be cut into by the acetylene torch of parol modification supported by adequate proof. In *Achenbach v. Stoddard,* 253 Pa. 338, this Court held: " 'It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted. And this may be shown by parol by showing either an express agreement or actions necessarily involving the alterations.' "

Even where the contract specifically states that no non-written modification will be recognized, the parties may yet alter their agreement by parol negotiation. The hand that pens a writing may not gag the mouths of the assenting parties. The pen may be more precise in permanently recording what is to be done, but it may not still the tongues which bespeak an improvement in or modification of what has been written. In the case of *Prudden-Winslow v. Stipp,* 76 Pa. Superior Ct. 530, the contract there under consideration provided: "No verbal understanding or agreement not contained in writing on the face of the order (and these conditions) shall be considered of any force whatever." A dispute later arose between the parties as to whether this provision of the contract had been violated. Judge MAXEY of the Court of Common Pleas of Lackawanna. County · (later Chief Justice of this Court) held that

modification of a contract was always in order. The Superior Court affirmed his position, Judge TREXLER saying: "Notwithstanding the written contract, the parties were still free agents. They could change it if they so desired."

In the case of *Knight v. Gulf Refining Co.*, 311 Pa. 357, 360, Justice KEPHART (later Chief Justice) said: "Parties may, by subsequent oral agreement, modify a written contract which they previously have entered into. The new contract thus agreed upon is a substitute for the original one in so far as it alters, modifies or changes it."

We, therefore, hold that Graziano's agent and Wagner could legally covenant to waive a specific stipulation in the contract. Minds may meet in the field of oral concord as well as between the borders of parchment or paper.

Having resolved the first problem we come to the query: Did Wagner's complaint sufficiently allege a modification or waiver of a condition in the contract by a duly authorized agent of the defendant Graziano? We are satisfied that it did. The complaint alleges: (1) that defendant's general superintendent "was the duly authorized agent of defendant and was acting within the scope of his authority" in entering into subsequent verbal agreements for extras, (2) that this agent "had actual and implied authority to bind defendant and to enter into verbal contracts with plaintiff modifying and supplementing the terms of said written contract between plaintiff and defendant, particularly with respect to the addition or reduction of work to be performed by plaintiff in fulfillment of his obligations under said contract", and (3) that the plaintiff performed extra work pursuant to verbal agreements which waived the necessity for written work orders, "entered into between plaintiff and defendant,

through defendant's said agent who was acting within the scope of his authority, actual or implied. . . ."

Graziano contends that the allegations as to authority, etc., are immaterial because "it was not within the power of an agent for the defendant contractor to vary the terms of the contract by any oral promise or agreement." Whether or not Graziano's general superintendent, as alleged in the complaint, possessed the authority to waive terms of the agreement, or whether his actions in this respect were adopted by Graziano as authorized actions, would be matters of proof to be presented by the plaintiff. Neither the case of *Gillison v. Wanamaker*, 140 Pa. 358 relied on by the lower Court nor the case of *Gibbs v. School District of Girardville*, 195 Pa. 396 relied on by Graziano controls the question before us, for those cases merely decided that an architect as such has no ostensible power to authorize performance of extra work except in accordance with terms of the written agreement. Nor is the case of *Malone v. Philadelphia*, 147 Pa. 416, cited by the defendant, authority for Graziano's position. In that case only the *ostensible* authority of the City's chief engineer was involved and the Court held that "he could not bind his principal beyond the scope of his authority."

The *Gillison*, *Gibbs* and *Malone* cases, supra, do not support the defendant's implied contention that the authority of an agent may not be enlarged in some way by his employer, through the conferring of express authority or by estoppel or ratification. In the very *Gibbs* case cited by Graziano, this Court said: "In other words, this part of the contract is as obligatory as any other part of it and neither party, *without the other's consent*, is at liberty to violate it." (Emphasis supplied.)

Accordingly we conclude that Wagner has the right to an opportunity to submit proof in substantiation of his averments that Graziano authorized his agent to waive terms of the written agreement, for such proof would make Graziano liable for the reasonable value of the service rendered and materials furnished, no express amount having been agreed to in advance.

Order reversed. Complaint to be reinstated and case remanded with a procedendo.