## Wein v. Roxy Auto Co.

*Blanc, Steinberg, Balder & Steinbrook*, for plaintiff.
*Abrahams & Loewenstein*, for defendants.

GLEESON, J., January 28, 1960.—Plaintiff brings this action in assumpsit against the Roxy Auto Company (hereinafter referred to as defendant) and William Gold, who became a surety for defendants, to recover one month's rent under a 10-year lease, certain real estate taxes and excess water and sewer rents which defendant agreed to pay under the lease and the reasonable cost of restoring the demised premises to their original condition after defendant had altered the premises during the term of the lease to make them more suitable for operating an automobile agency. Plaintiff also seeks to recover the reasonable cost of repairs to the premises which defendant had agreed to make according to the terms of the lease. Defendant admitted liability for certain repairs; denied owing the rent, taxes and excess water rent and denied that it was obligated to restore the premises to its original condition. Defendant also counterclaimed for damages by virtue of the fact that the elevator in the premises could no longer be used after April 13, 1955. The trial judge directed the jury in its determination to award plaintiff the sum of $833.33 for one month's rent, the sum of $33.76 for one month's taxes and the sum of $44.84 for excess water and sewer rent. The rest of the case he left to the jury for its determination as to who was entitled to a verdict and the amount of the verdict. The jury brought in a verdict for defendant in the amount of $798.57.

Among the questions raised by plaintiff in her motion for a new trial there are four questions that we herein discuss. The first question pertains to an alleged oral agreement between Louis Wein, husband of plaintiff, and William Gold, president of defendant corporation, with respect to alterations to the premises after the execution of the lease and during the course

thereof. These alterations were for the purpose of enhancing the use of the premises as an automobile showroom. The gist of William Gold's testimony is that under the oral agreement defendant would not have to restore the premises to their original condition at the expiration of the original lease and as a result of this oral agreement defendant spent considerable money making the alterations. The trial judge permitted this testimony on the basis that it was a subsequent oral modification of the original written lease and consequently it did not fall within the ban of the parol evidence rule. This is so even though the lease provided that it should not be altered or modified except in writing signed by both parties: KoEune v. State Bank of Schuylkill Haven, 134 Pa. Superior Ct. 108; Wagner v. Graziano Construction Co., 390 Pa. 445. We see no reason for altering the ruling of the trial judge in this respect.

The second question pertains to the trial judge's failure to submit to the jury the question of whether or not Louis Wein, the husband of plaintiff, was in fact her agent. The trial judge simply referred to him as plaintiff's agent without submitting the question to the jury. Perhaps it would have been better if the trial judge submitted this question to the jury, but we do not consider it grounds for a new trial. The evidence shows that the leased premises were originally built by plaintiff's husband and that he stated he was the manager of plaintiff's property. Indeed the whole atmosphere of plaintiff's case was one of agency on the part of plaintiff's husband; the record shows throughout that he conducted the various transactions with defendant.

The third question pertains to the trial judge's charge with respect to defendant's proof of damages because during the course of the lease (about April 1955) the use of the elevator was discontinued as it

could no longer be legally operated under State law. Defendant offered testimony of a real estate broker as to the difference in rental value of the premises with and without an elevator. We deem the real estate broker a qualified witness. The weight and value of his testimony was to be determined by the jury. The trial judge charged the jury that the measure of damages with respect to the loss of the use of the elevator was to be determined from the date of the lease; in other words the jury was instructed to determine the question of the rental value of the premises with and without an elevator as of the date of the lease although this difference in value was to be considered only from the time of the actual loss of the use of the elevator until the end of the lease (April 1955 to January 1956). We find no guidance on this question from our appellate courts and it seems logical that when rental of a premises is specifically fixed in a lease commencing on a particular date, the rental of the premises with its elevator facility and without its elevator facility should likewise be fixed as of the date of the execution of the lease. Otherwise all the fluctuations in the leasehold value of the demised premises over the period of the lease would have to be taken into consideration. Certainly the landlord cannot claim more rent than provided in the lease because the leasehold value increases during the term of the lease nor can the tenant pay less rent than provided in the lease because the leasehold value diminishes. We see no cause for a new trial on this ground.

The fourth point pertains to items of damage claimed by plaintiff that were ruled out of the evidence by the trial judge on the ground that they represented reasonable wear and tear on the premises. These items were $33.30 for the installation of a new sink, drain line and trap, $211.30 for repairs to the garage walls and floor and $20 for repair of the wooden frame of

the garage door. We feel that the trial judge was correct in so disposing of these items.

The remaining reasons suggested by plaintiff are the usual reasons advanced in support of a new trial motion. We believe the case was free of reversible error and that the evidence submitted would permit the jury to find for defendant.

Accordingly, plaintiff's motion for a new trial was dismissed.