**McDonnell v. Null**

*G. Henry Seaks*, for plaintiff.
*Chester G. Schultz*, for defendants.

SPICER, *P.J.*, June 2,1980—Plaintiff filed a complaint in assumpsit January 3, 1980. In it he alleged that defendants were husband and wife and owned real estate and that the husband had contracted with plaintiff for remodeling and additions on the real estate.

Although the contract provided that alterations and deviations were to be executed only on written orders, the complaint alleged that the husband orally requested additional work.

Defendants filed preliminary actions in the nature of a demurrer January 24, 1980. Plaintiff then, on February 5, 1980, filed an amended complaint. Defendants filed preliminary objections March 5, 1980, to the amended complaint. The objections

raised not only a demurrer but a motion for a more specific pleading.

Plaintiff has argued that defendants have waived the right to move for a more specific pleading by not raising it in the first preliminary objections. Defendants counter with the argument that additional allegations made the motion available when the second complaint was filed but not at the filing of the first.

In comparing the complaint with the amended complaint, the court notes that Paragraphs 5 and 6 were changed and Paragraph 11 added by the amended complaint. Otherwise, the complaints are identical. Paragraphs 5 and 6 are pertinent to the motion for more specific pleading.

The court is of the opinion that defendants have waived the right to object in the form of a motion for more specific pleading. If anything, amended Paragraphs 5 and 6 are more specific allegations on the same subject under Pa.R.C.P.1028. All preliminary objections must be raised at one time. Obviously, this would not apply if the amended complaint contained something the original complaint did not. In this case, the original complaint averred in Paragraph 5 that the construction agreement established a maximum price of $25,600 plus an estimate of $2,000 for carpets. In Paragraph 6 it was alleged that defendants requested changes and extras amounting to $13,886.71.

The same two paragraphs in the amended complaint set forth the same figures. Added were averments explaining in a general way, upon what the agreement and figures were based. Essentially, the averments were additional and not new. Therefore, clearly, defendants could have requested a more

specific pleading when the original complaint was filed.

There is authority stating that the rule's requirement that all objections be raised at one time does not apply until there is a ruling by the court. For example, in 2 Goodrich-Amram 2d §1033:6 it is stated: "When the plaintiff voluntarily amends his complaint to meet objections by the defendant additional objections which may have been available to the original complaint may be filed on the theory that the court has not yet ruled on the preliminary objections."

However, the cases cited for this principle do not precisely bear out the proposition. Furthermore, the statement is in apparent conflict with an earlier part of the treatise wherein it is said, §1028(c):1: "Or if preliminary objections are filed to a pleading by the defendant, the defendant is given an absolute right to amend his pleading within 10 days. If the amendment removes all the errors of which the defendant has complained, the preliminary objection should be withdrawn or dismissed by the court."

At any rate, this court declines to follow the rule interpretation in Goodrich-Amram, supra. At least as far as a motion for more specific pleading is concerned, the court feels obliged to comment that Pennsylvania's fact pleading system has not changed despite changes in the discovery rules. As is pointed out in the 1978 Amendments to Rules Governing Depositions and Discovery— Explanatory Note, Pennsylvania's discovery rules have been brought "into as close conformity as possible with the federal system."

Perhaps the expanded rights of discovery would not be a justification for dismissing a motion for a

more specific pleading. However, they are a basis for the observation that in holding defendants have waived their right to so move, the court has not caused any injustice to defendants.

The demurrer is based upon two premises. First, there is no allegation of agency in the amended complaint which would make defendant wife responsible for her husband's actions. Secondly, there is no allegation that the changes and extras were requested in writing. On the contrary, the amended complaint alleges the requests were made orally.

Defendants thus argue plaintiff is bound by his written agreement and may not recover.

Almost the precise language involved in this construction agreement was held to be no bar to a contractor's right of recovery in Universal Builders, Inc. v. Moon Motor Lodge, Inc., 430 Pa. 550, 557-58, 244 A. 2d 10 (1968). The court stated:

"Unless a contract is for the sale of goods, see the Uniform Commercial Code—Sales, the Act of April 6, 1953, P.L. 3, §2-209(2), as amended, 12A P.S. §2-209(2), it appears undisputed that the contract can be modified orally although it provides that it can be modified only in writing. E.g., Wagner v. Graziano Construction Co., 390 Pa. 445, 136 A. 2d 82 (1957); 4 Williston on Contracts, §591 (3d ed. 1961); 6 Corbin on Contracts, §1295 (1962); Restatement, Contracts §407 (1932). Construction contracts typically provide that the builder will not be paid for extra work unless it is done pursuant to a written change order, yet courts frequently hold that owners must pay for extra work done at their oral direction. See generally Annot., 2 A.L.R. 3d 620, 648-82 (1965). This liability can be based on

14

several theories. For example, the extra work may be said to have been done under an oral agreement separate from the written contract and not containing the requirement of a written authorization. 3A Corbin on Contracts, §756 at p. 505 (1960). The requirement of a written authorization may also be considered a condition which has been waived. 5 Williston on Contracts, §689 (3d ed. 1961)."

Turning our attention to the remaining objection relating to averment of agency, the court holds that sufficient facts have been alleged to sustain a finding of agency. There is a well established presumption that during the term of a marriage either spouse has the power to act for both without specific authorization so long as the benefits of the action inure to both: J. R. Christ Const. Co., Inc., v. Olevsky, 426 Pa. 343, 349, 232 A. 2d 196 (1967). The amended complaint alleges that defendants were married and that the work performed improved the entireties property.

Accordingly, the attached order will be entered.

### ORDER

And now, June 2, 1980, the preliminary objections are overruled. Defendants shall have 20 days in which to file an answer.