Anthony C. Biviano et al., Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board et al., Respondents.

Argued April 7, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, CRAIG and PALLADINO. Judges BLATT, WILLIAMS, JR. and MACPHAIL did not participate.

*Jeffrey W. Davis,* with him *Thomas A. Beckley* and *Bradley S. Gelder, Beckley & Madden,* for petitioners.

*James L. Crawford,* Assistant Attorney General, with him *Anthony C. Busillo, II,* Assistant Attorney General, for respondents.

OPINION BY JUDGE MENCER, June 10, 1981:

The Commonwealth of Pennsylvania (Commonwealth) and the Joint Bargaining Committee of the Pennsylvania Employment Security Employees' Association, Local 675, Service Employees International Union, AFL-CIO, and Pennsylvania Social Services Union, Local 668, Service Employees International Union, AFL-CIO (Union) were parties to a collective bargaining agreement which, by its terms, became effective August 14, 1975 and expired June 30, 1977.

Petitioners here were members of the Union at the time the collective bargaining agreement was signed and paid dues to the Union by means of payroll deductions from wages. Article III of the collective bargaining agreement provided, in pertinent part:

> Each employe who, on the effective date of this Agreement, is a member of the Union, and each employe who becomes a member after that date shall maintain his membership in the Union, provided that such employe may resign from the Union during a period of fifteen days prior to the expiration of this Agreement.

Therefore, petitioners were entitled to resign from membership in the Union during the time period of June 16, 1977 through June 30, 1977.

In a letter dated December 3, 1975, the Union notified the Commonwealth that it wished to reopen contract negotiations for the year beginning July 1, 1976, pursuant to the provisions of Article XLIV, Section 5 of the collective bargaining agreement. The Commonwealth acknowledged the reopener request by the Union and, following negotiations, the parties executed revised Articles of Agreement, effective December 22, 1976.

Petitioners, aware of the negotiations being undertaken following the Union's request to reopen contract negotiations, submitted written resignations from the Union to both the Commonwealth and the Union during the time period of June 16, 1976 through June 30, 1976. This was one year prior to the time provided in the collective bargaining agreement for resigning from the Union. Petitioners requested that union dues deductions from their paychecks be stopped as of June 30, 1976. Although the Commonwealth initially discontinued dues deductions as requested by petitioners, the dues deductions, retroactive to July 1, 1976, were subsequently recommenced by the Commonwealth at the Union's request.

Petitioners filed, with the Pennsylvania Labor Relations Board (Board), charges of unfair practices, against the Commonwealth and the Union, relative to

the union dues deductions from their paychecks after June 30, 1976. Following a hearing, the Board issued a nisi decision and order on March 14, 1980, wherein it determined that neither the Union nor the Commonwealth committed unfair practices as alleged by the petitioners. On April 2, 1980, the petitioners filed timely exceptions to the Board's nisi order which were dismissed by the Board by order dated May 2, 1980. This order also made the nisi order absolute and final. Petitioners have sought review of this order, and we affirm.

Upon careful reflection, we conclude that the modification of the multiyear collective bargaining agreement, pursuant to a reopener provision, did not result in the expiration of that agreement which continued until its expiration date of June 30, 1977. In addition, we conclude that the modifications agreed upon by the parties did not change the period of time, June 16, 1977 through June 30, 1977, available to the petitioners for resigning from membership in the Union. Since the petitioners' resignations were not tendered during the time period expressly provided in the collective bargaining agreement, they were properly rejected by the Commonwealth and the Union, and the Board was not in error in determining that neither the Union nor the Commonwealth committed unfair practices relative to the petitioners.

The right to reopen negotiations as to certain enumerated items does not carry with it the consequence of advancing the agreed-upon expiration date. Petitioners' resignations were one year premature and accordingly were both untimely and ineffective. No midterm modification clause, nor any action pursuant thereto, will hasten the expiration date of a collective bargaining agreement, unless the parties to the agreement actually agree to advance the agree-

ment's expiration date. The parties in the instant case did not so agree.

The modification of an agreement resulting from the mutual consent of the parties to the agreement is a far different matter from the termination of an agreement. *Wagner v. Graziano Construction Co.,* 390 Pa. 445, 136 A.2d 82 (1957). We must and do differentiate between the modification of an agreement and the expiration of an agreement. While the Commonwealth and the Union renegotiated several terms of the collective bargaining agreement, there was no agreed-upon change made with regard to the expiration date of the collective bargaining agreement. Consequently, the time period available to the petitioners to resign from the Union remained the period of June 16, 1977 through June 30, 1977.

The conclusion we reach is reinforced by an awareness of our scope of review of an order of the Board. We are not to substitute our judgment for that of a body selected for its expertise, whose experience and expertise make it better qualified than a court of law to weigh facts within its field. Final orders of the Board are to be affirmed if they are, as here, reasonable. *Appeal of Cumberland Valley School District,* 483 Pa. 134, 394 A.2d 946 (1978).

Accordingly, we make the following

ORDER

AND Now, this 10th day of June, 1981, the order of the Pennsylvania Labor Relations Board, dated May 2, 1980, dismissing the exceptions filed by Anthony J. Biviano, Richard J. Taranto, Pamela Overberger, and Craig Chamberlain to the Pennsylvania Labor Relations Board's nisi order of March 14, 1980 and making absolute and final its nisi order, is hereby affirmed.