493 A.2d 106

**James D. MALESH and Steve S. Hawryliak**

v.

**Joseph P. CHECHAK and Isabella M. Chechak, His Wife, Appellants.**

Superior Court of Pennsylvania.

Argued Aug. 6, 1984.

Filed May 17, 1985.

448

Darrell L. Kadunce, Butler, for appellants.

Silvio P. Cerchie, Butler, for appellees.

Before BROSKY, WATKINS and HESTER, JJ.

WATKINS, Judge:

This case comes to us from separate orders entered by the Butler County Court of Common Pleas. On October 26, 1982, the lower court entered an order denying appellants' motions for new trial, judgment n.o.v., and arrest of judgment. On November 15, 1982, the court below entered an order awarding counsel fees to counsel for plaintiffs (appellees). Separate appeals were filed to this Court, but have been consolidated for appeal purposes.

On or about the middle of November, 1977, the appellants and appellees entered into an oral agreement whereby the appellees would provide the labor for certain cement and concrete work requested by the appellants in a cattle barn located on appellants' property. This oral agreement was subsequently reduced to writing on or about November 19, 1977. On or about December 22, 1977, the appellants dismissed appellees and directed them not to return to his premises or to perform any further work under the terms of the November 19, 1977 agreement. Appellants had advanced the sum of Three Hundred ($300.00) Dollars to appellee at the start of work. The completed contract price was One Thousand, Three Hundred ($1300.00) Dollars.

Appellees filed suit in the Court of Common Pleas of Butler County for the sum of $910.00 representing the amount allegedly owed to them for work performed. Appellants filed a counterclaim alleging improper workmanship and necessary repairs to the work performed.

The case was heard by a panel of arbitrators in Butler County and an award of $910.00 was made in favor of the appellees. Appellants subsequently filed an appeal requesting a jury trial which was held on September 28 and 29, 1982. The jury verdict was in favor of the appellees for the sum of $910.00.

Upon discharge of the jury on September 29, 1982, the lower court, on its own motion, advised appellants that a further hearing was to be held on the awarding of counsel fees pursuant to 42 Pa.C.S.A. 2503(9). Shortly after the verdict, the appellants obtained new counsel who filed motions for new trial, judgment n.o.v. and in arrest of judgment which were subsequently denied by the court on October 26, 1982.

On November 15, 1982 following a hearing scheduled by the court, an order was entered awarding counsel fees in the amount of Four Hundred ($400.00) Dollars to counsel for the appellees.

On appeal, the appellants first contend that the trial court erred in its determination that counsel fees should be assessed against the appellants for vexatious or bad faith conduct during the course of litigation below solely on the basis that an appeal from compulsory arbitration was affirmed by a jury at a subsequent de novo trial.

Following dismissal of the jury in the case below, the court, on its own motion, addressed appellant Joseph Chechak and read to him Section 2503 of the Judicial Code which provides: "Participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter. Subsection 9. Any participant who is awarded counsel fees because the conduct of another party in commencing the matter, or otherwise, was arbitrary, vexatious, or in bad faith;" The court then continued stating that "inasmuch as the verdict of the jury is identical with the arbitration award, and that you (referring to appellants) had an opportunity to settle this for Five Hundred Dollars, I find your conduct in this case was arbitrary and vexatious."

Subsequently, a hearing was held on November 15, 1982. No motion, either oral or written, had been presented by appellees' counsel requesting the granting of counsel fees pursuant to 42 Pa.C.S.A. 2503(9).

The court below concluded in its order as follows: "Its been my practice ... and this is the second or third time I

have done it ... when there is an appeal from arbitration and its the same verdict, you're going to pay counsel fees."

Appellants contend that the decision with respect to counsel fees pursuant to 42 Pa.C.S.A. 2503(9) of the Judicial Code is completely untenable and that the opinion of the lower court directly contradicts the specific provision of the Pennsylvania Constitution, the Judicial Code and the appellate decisions of this Commonwealth. We agree.

In the case of *In re: Estate of Roos*, 305 Pa.Superior Ct. 86, 451 A.2d 255 (1982), this Court held that the party requesting counsel fees pursuant to Section 2503(9) of the Judicial Code, has the burden of proof that the actions of the other party were arbitrary, vexatious, or in bad faith.

In the instant case, the appellees (plaintiffs) did not present proof as to the arbitrary, vexatious or bad faith actions of the appellants. In fact, the appellees offered no evidence with respect to such a claim other than a statement of services rendered by their counsel. The trial court offered no reasons for its actions other than that the verdict was identical to the arbitration award and that the appellant had had an opportunity to settle for $500.00. Clearly the burden of proof had not been sustained at the hearing for the award of counsel fees.

Absent a showing of an arbitrary, vexatious, or bad faith action on the part of the appellants the lower court could not impose these fees. If we sustained such action this would have a chilling effect upon the rights of a litigant to request the constitutionally guaranteed jury trial provided in the Pennsylvania Constitution. The decision by the lower court was in direct contradiction to the Pennsylvania Constitution, Article 5, Section 9 which provides in part: "There shall be a right of appeal in all cases to a court of record from a court not of record; ..."

The appeal from the compulsory arbitration was an appeal from a court not of record (as provided in Compulsory Arbitration Rules) to a court of record. The appellants

exercised their right to appeal under the Pennsylvania Constitution.

The opinion of the lower court also violates the specific provisions of the Pennsylvania Judicial Code which has specific guidelines governing judicial arbitration. The Rules of Judicial Administration governing Compulsory Arbitration of civil matters specifically provide: "Any party to a matter shall have the right to appeal for trial de novo in the court." 42 Pa.C.S.A. 7361(d).

The opinion of the lower court in this case abrogates the statutorily mandated right of appeal and effectively destroys the rights granted under the Judicial Code by causing any litigant who wishes to appeal from compulsory arbitration and exercises constitutional rights to place himself at the mercy of the trial court in the event that the litigant's appeal is unsuccessful.

In light of these facts, this Court has no alternative but to reverse the award of counsel fees by the lower court.

Appellants next contend that the trial court erred in refusing to permit the introduction of the testimony and documentary evidence by the defendant when no objection to the same was made by the opposing counsel.

At the time of trial, the appellants attempted to introduce into evidence certain of the concrete order slips written by the concrete supplier and provided to the construction site wherein appellees were working for the defendant. Appellees' counsel indicated on the record that he had no objection. The court below in its own motion refused the admission of certain of the documents because they contained the name of a person who had not signed the written contract between the parties in this action.

The court below further objected, on its own motion, to testimony from defendant's witness Ronald Haley with respect to the temperature on the days on which concrete was delivered by Mr. Haley to the construction site. The court reasoned that since the documentary evidence of the exact temperature on certain dates was contained in exhib-

its that the court had previously ruled inadmissible for another reason, the evidence as to the temperatures on those days was also inadmissible.

In determining whether alleged trial error warrants granting of a new trial, our inquiry is whether the trial court abused its discretion or committed error of law which controlled the outcome of the case. *Hussey v. May Dept. Stores, Inc.,* 238 Pa.Superior Ct. 431, 357 A.2d 635 (1976).

Generally the question of whether proffered testimony or documentary material is admissible in evidence is a question of law for the court to determine. The court would not allow this evidence in because it contained the name of a person other than those who signed the written contract between the parties to this appeal, Mr. Matthew Malesh. In the contract, Mr. Chechak had agreed to supply the concrete for this construction, however, he testified that Matt Malesh had ordered the concrete on at least two occasions.

The decisions of the courts of this Commonwealth have established that the parties to a written agreement may introduce parole evidence as to subsequent modifications to written agreements. *Dora v. Dora,* 392 Pa. 433, 141 A.2d 587 (1958). These subsequent modifications or waivers can be shown either by express agreement or by actions which necessarily involve such alterations. *Wagner v. Graziano Construction Co.,* 390 Pa. 445, 136 A.2d 82 (1957). Upon a review of the record, it is apparent that although Mr. Matthew Malesh had indeed ordered the concrete on at least two occasions, this did not in any way serve to modify or waive Mr. Chechak's obligation under the contract to supply this concrete. In fact, the evidence proffered had been signed by a third party, Mr. Matthew Malesh, not a party involved in the written agreement signed by the appellees and the appellants.

Absent any indication that the evidence proffered would serve to prove a modification or waiver we cannot conclude that the trial court abused its discretion in any

way by not admitting this evidence. Therefore, appellant's claim is without merit.

Later in the proceedings the court below objected to testimony from defendant's witness, Ronald Haley, with respect to the temperatures on the days on which concrete was delivered by Mr. Haley to the construction site. The court reasoned that since the documentary evidence of the exact temperature on certain dates was contained in exhibits that the court had previously ruled inadmissible for another reason, the evidence as to the temperatures on those days was also inadmissible.

Although the evidence had been deemed inadmissible for the purpose of showing that Mr. Malesh had ordered the concrete that is not to say that it would be inadmissible for other purposes. This case centered around the ability of appellees to complete a construction job. The weather conditions on particular days were an integral part of both cases. Thus, any evidence or testimony about temperatures and weather conditions was relevant to this case. The Supreme Court has recognized that where an otherwise relevant document contains matter which is irrelevant and highly prejudicial, the relevant part of the document may be received in evidence without the irrelevant part. *Capozi v. Hearst Publishing Co.*, 371 Pa. 503, 51–519, 92 A.2d 177, 184 (1952).

Although the documents were irrelevant as to Mr. Malesh's signature, they were relevant to the temperatures on particular days. Therefore, the trial court should have admitted the relevant portions of the document.

The court's action precluded the appellant from establishing the weather conditions on important dates during the construction work. The question of temperature and weather was raised by the plaintiffs in their own case in chief. Because of the court's action the appellants were unable to contradict the plaintiff's testimony by fair and impartial witnesses, thus, they were not permitted to adequately present their defense. The trial court had made an

erroneous determination as to the admissibility of these documents for the purpose of establishing the temperatures on particular days.

■ Based upon the foregoing information, we conclude that a new trial must be granted to appellants at which time they may present the facts in support of their position.

Finally, the appellant contends that the lower court erred in admonishing the defendants and counsel within the hearing of the jury without good cause, thereby prejudicing the defendants in the presentation of their case to the jury.

During the course of direct examination of defendant's witness, Ronald Haley, appellant's counsel attempted to introduce certain documentary evidence which the lower court, on its own motion, would not permit. When appellants' counsel asked that an exception be noted to the court's ruling on the record, the court's response was: "You understand the English language? They are not in."

Subsequently, a further question to witness Haley was summarily overruled by the Court.

During the testimony of appellee, James Malesh, several references were made to the involvement of the witness' father, Matthew Malesh, in this particular transaction.

When appellants attempted to explore the same avenues of testimony, the court once again interrupted defense counsel and the appellant, Joseph Chechak, on the court's own motion. The court's statement to defense counsel at this time was: "I will not tolerate that questioning again. You understand that?" When defense counsel attempted to respond to the court's interjection, the court summarily cut off any further discussion.

The court further interrupted defense counsel and advised counsel that any further comments with respect to Mr. Malesh or his involvement would result in the court "taking appropriate action".

Appellants contend that the attitude of the trial court throughout the trial was one of disdain toward the appellants, their counsel and the case being presented by their counsel.

It has been held that when a complaint is made of a particular remark on the part of the trial court, the record as a whole may be examined to determine whether it shows animosity toward counsel or a lack of judicial impartiality toward a defendant. *Commonwealth v. Smith,* 374 Pa. 220, 97 A.2d 25 (1953). Further it has been held that if the trial judge by his questions to witnesses, remarks, a general attitude prevents the fair and unbiased consideration of the evidence by the jury a party prejudiced by that partiality is entitled to relief from the verdict. *Wright v. Wagner,* 405 Pa. 546, 175 A.2d 875 (1961); (cert. denied 369 U.S. 849, 82 S.Ct. 933, 8 L.Ed.2d 9).

■ Upon an examination of this record, it is apparent that the lower court demonstrated some animosity toward the appellants' counsel. However, we cannot agree that the conduct of the trial court was of such magnitude that it prevented the fair and unbiased consideration of the evidence by the jury. Therefore, we find this claim by the appellants without merit.

The order of the lower court awarding counsel fees to appellees is reversed; and a new trial is granted on the basis of the reasoning set forth in this opinion.