**In re H & G DISTRIBUTING, INC., Debtor.**

No. 93–CV–3054.
Bankruptcy Nos. 90–22244T through 90–22257T.

United States District Court,
E.D. Pennsylvania.

Aug. 31, 1993.

**960**

Howard T. Glassman, Neal A. Jacobs, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for H & G Distributing Inc.

Carl N. Weiner, Hamberg, Rubin, Mullin & Maxwell, P.C., Lansdale, PA, for Edmund A. Massullo and Anne Marie Massullo.

### MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Before the Court is the appeal of the Bankruptcy Court's Order of April 30, 1993, wherein the Bankruptcy Court denied the motion of Edmund and Anne Marie Massullo ("the Massullos") to compel payment of administrative expenses under 11 U.S.C. § 503. The Bankruptcy Court's denial of the Massullos' motion was based on that court's finding that the requested claim did not constitute an administrative expense.

■ The Bankruptcy Court's Order of April 30, 1993, is a final order entering judgment against the Massullos. Their appeal is thus properly before this Court pursuant to 28 U.S.C. § 158(a). On appeal from the Bankruptcy Court, this Court's standard of review for all conclusions of law is plenary. *Brown v. Pennsylvania State Employees Credit Union,* 851 F.2d 81, 84 (3d Cir.1988). Findings of fact are reviewable only for clear error. *Id.* For the reason set forth below, this Court will affirm the Bankruptcy Court's Order of April 30, 1993.

The record in this case shows that the Massullos, together with Joseph C. Gentile and the 1984 Joseph C. Gentile Trust, are general partners in two Pennsylvania partnerships, Ocean Futures Partnership and M.M. & G. Properties. At all times relevant to the current appeal, Mr. Gentile was the managing partner of both partnerships and enjoyed complete authority to conduct day-to-day business affairs and operations of both partnerships.

The primary function of the partnerships was the leasing of restaurant facilities. Oceans Futures leased its facilities to the Original Seafood Shanty, Inc. for a monthly rental payment of $33,000. M.M. & G. leased its facilities to the Seafood Shanty of Langhorne, Pennsylvania for a monthly rental payment of $37,500.

On September 7, 1990, the Original Seafood Shanty, Inc. and the Seafood Shanty of Langhorne each filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* Immediately after the bankruptcy petition was filed by the Original Seafood Shanty, post-petition rental reductions were negotiated between Ocean Futures and the Original Seafood Shanty, Inc., resulting in monthly rental payments of $24,000. In this negotiation, Mr. Gentile acted both as managing general partner of Ocean Futures and as president of the Original Seafood Shanty, Inc.

The terms of the lease between M.M. & G. and the Seafood Shanty of Langhorne remained unchanged through February, 1992, at which time a rental reduction resulted in monthly rental payments after February, 1992, of $23,500. Again, Mr. Gentile acted both as managing general partner of M.M. & G. and the Seafood Shanty of Langhorne.

Full rent, according to the terms of each reduced rental agreement, was timely paid.

The Massullos received a disclosure statement and proposed reorganization plan from the debtors. They did not attend the hearing on the reorganization plan. The Massullos concede that the reorganization plan provides that all leases were to be rejected if they were neither assumed prior to confirmation nor the subject of a motion to assume at the time of confirmation. The leases here at issue had not been assumed at the time of confirmation.

Despite their knowledge of the rent reductions, the Massullos took no action during the twenty-eight months of the bankruptcy proceedings to enforce the pre-bankruptcy terms of the leases. On December 29, 1992, the reorganization plan was confirmed. The Massullos did not object.

On February 3, 1993, the Massullos filed, as general partners of M.M. & G. and Ocean Futures, an administrative claim for payment of the difference in the rent paid and the rent due under the respective original leases. On March 9, 1993, a trial was held before the Honorable Thomas M. Twardowski of United States Bankruptcy Court for the Eastern District of Pennsylvania. By Order dated April 30, 1993, the Bankruptcy Court denied the Massullos' motion to compel payment of administrative expenses, holding that the requested claim did not constitute an administrative expense. The Bankruptcy Court stated that it had found, after a review of the evidence and testimony at trial, that the true nature of the dispute concerned the dissatisfaction of the Massullos as two of the general partners with the managing partner's business decisions. The Bankruptcy Court found that full rent, according to the terms of the post-petition leases, had been timely paid and that, moreover, the Massullos had expressed no dissatisfaction with the rent reductions until the filing of their motion on February 3, 1993, despite having had the opportunity to do so at the hearings on the proposed plan, confirmation, and reorganization.

The Bankruptcy Court stated that its finding that the Massullos' request was not an administrative expense was bolstered by the fact that the Massullos, in April of 1992, had initiated an action in the Court of Common Pleas of Bucks County, Pennsylvania against Mr. Gentile and the 1984 Joseph C. Gentile Trust. This state court action was pending when the Massullos brought their administrative claim. The crux of this action was the Massullos' dissatisfaction with Mr. Gentile as managing partner. The Bankruptcy Court determined that the state court was the appropriate forum to hear business disputes between partners.

The Bankruptcy Court further found that, even if the rent reductions were not valid and a rent deficiency did exist, the doctrines of waiver, laches and estoppel applied. The Bankruptcy Court based this finding on the fact that from the date of the filing of the bankruptcy petition through the date of their claim—some twenty-eight months—the Massullos had not attempted to enforce the terms of the pre-petition leases. Resolving credibility in favor of Mr. Gentile and based on frequent conversations and meetings between the Massullos and Mr. Gentile together with the fact that the Massullos' attorney had advised local counsel to monitor the rental payments, the Bankruptcy Court found that the Massullos had notice of the reductions but took no action to enforce the pre-petition leases. Further, they did not respond to any of the bankruptcy hearings or notices concerning the disclosure statement and proposed plan of reorganization. The Bankruptcy Court concluded that, to allow an administrative claim at this juncture would result in clear prejudice to the debtors who had had a plan voted on and confirmed. The Bankruptcy Court therefore held that the doctrines of estoppel, waiver and laches apply, warranting denial of the Massullos' alleged claim.

█ As stated heretofore, in this appeal, the findings of fact of the Bankruptcy Court are reviewable only for clear error, while its conclusions of law are subject to plenary review. *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d at 84. Having reviewed the record in this matter, this Court determines that the Bankruptcy Court's findings of fact are

supported by substantial evidence in the record and thus are not clearly erroneous. The Massullos did not meet their burden of proving entitlement to an administrative claim. It is undisputed that the Massullos did not seek a court order compelling the debtors to assume or reject the lease agreements. *See generally* 11 U.S.C. § 365(d)(2). There is no question that the Massullos were aware that the rental payments they were receiving were substantially less than those agreed to in the original agreements and yet, they did not move in the bankruptcy court to protect their rights to full rent under the leases. There is, thus, substantial evidence in the record establishing that they acquiesced in the rental reductions, resulting in ratification of the modifications of both leases.

On appeal, the Massullos assert that an oral modification of a lease would violate the Statute of Frauds and the written provisions of the lease. This contention does not comport with Pennsylvania law. As the Pennsylvania Supreme Court stated in *Pellegrene v. Luther*, 403 Pa. 212, 169 A.2d 298, 299 (1961):

> The law is well settled that a written agreement can be modified by a subsequent oral agreement provided the latter is based upon valid consideration and is proved by evidence that is clear, precise and convincing.

The consideration received for making the rent reductions was continued occupancy of the properties by the debtors. The evidence at trial before the Bankruptcy Court clearly established the amount of the monthly rent between Ocean Futures and the Original Seafood Shanty, Inc., and between M.M. & G. and the Seafood Shanty of Langhorne. The rent paid pursuant to these amounts, as found by the Bankruptcy Court, was fully paid.

■ Further, under Pennsylvania law, even in a contract that specifically states that no non-written modification will be recognized, the parties may alter their agreement orally. *Wagner v. Graziano Construction Co.*, 390 Pa. 445, 136 A.2d 82, 84 (1957).

Based on the foregoing, this Court concludes that there was no error in the Bankruptcy Court's conclusion of law that the claim of the Massullos did not constitute an administrative expense.

■ This Court likewise finds no error in the Bankruptcy Court's alternative holding that, even if the rent reductions were not valid, the doctrines of waiver, laches and estoppel apply. As stated heretofore, there is no question that the Massullos were aware that the rental payments they were receiving were substantially less than those agreed to in the original agreements and yet, they did not move in the bankruptcy court to protect their rights to full rent under the leases until after confirmation of the reorganization plan, some twenty-eight months after the bankruptcy petitions were filed. There is, thus, substantial evidence in the record establishing that the doctrines of waiver, laches and estoppel are applicable here and were fairly applied to the Massullos.

Having found no reason to disturb the determinations of the Bankruptcy Court, the Bankruptcy Court's Order of April 30, 1993, will be affirmed.

### ORDER

AND NOW, this 30 day of August, 1993; Edmund and Anne Marie Massullo having appealed the Order of April 30, 1993, of the Bankruptcy Court denying their motion to compel payment as administrative expenses of rent allegedly owing under the pre-bankruptcy lease of Ocean Futures Partnership with the Original Seafood Shanty and under the pre-bankruptcy lease of M.M. & G. Properties with Seafood Shanty of Langhorne; for the reasons set forth in this Court's Memorandum of August 30, 1993;

IT IS ORDERED: the Order of April 30, 1993, of the Bankruptcy Court, denying the motion of Edmund and Anne Marie Massullo to compel payment as administrative expenses of rent allegedly owing under the pre-bankruptcy lease of Ocean Futures Partnership with the Original Seafood Shanty and under the pre-bankruptcy lease

of M.M. & G. Properties with Seafood Shanty of Langhorne, is AFFIRMED.